Sharon DENKE, Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES, Appellee,

and

Laura Hawkins.

No. 86–5488.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 31, 1987.

Decided Sept. 29, 1987.

Dave L. Claggett, Spearfish, S.D., for appellant.

Janice Godtland, Asst. Atty. Gen., Pierre, S.D., for appellee.

Before HEANEY, BOWMAN and WOLLMAN, Circuit Judges.

HEANEY, Circuit Judge.

Sharon Denke was a permanent full time employee of the State of South Dakota's Department of Social Services (the Department). On May 17, 1984, she was terminated without a pretermination hearing, allegedly in violation of state law. Denke brought suit against the Department under 42 U.S.C. § 1983, alleging a violation of her federal due process rights. She asked for reinstatement, full back pay and benefits, injunctive relief against future termination, and damages for emotional suffering. The State of South Dakota filed a motion to dismiss, claiming Denke's suit was barred by the Eleventh Amendment of the United States Constitution. The District Court for the District of South Dakota granted the state's motion, holding that the eleventh amendment is an "absolute bar" to an action against the South Dakota Department of Social Services. From this determination, Denke appeals to this Court.

We agree with the district court's decision, but we believe that its opinion somewhat overstates the scope of the state's eleventh amendment immunity. It is nec-essary to note that the Supreme Court has found significant exceptions to such immunity.

Eleventh amendment analysis is an area dominated by formalistic rules, often neither intuitive nor strictly rational. However, over years of development, important exceptions to state immunity from suit have been recognized which allow citizens to vindicate rights infringed upon by state authorities. Extremely important in this regard is the substantial exception to the scope of the eleventh amendment represented by the case of *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and its progeny. In *Young*, the Supreme Court held that a state officer who violates the Federal Constitution acts without state authority and is thus subject to suit in an individual capacity. The Court has further recognized that not only can an injunction issue to prevent the state officer's prohibited conduct, *see Young*, but that a wide range of prospective relief "which serves to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." *Papasan v. Allain*, — U.S. —, —, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209 (1986) (citing *Milliken v. Bradley*, 433 U.S. 267, 289–290, 97 S.Ct. 2749, 2761–62, 53 L.Ed.2d 745 (1977); and *Edelman v. Jordan*, 415 U.S. 651, 667–68, 94 S.Ct. 1347, 1357–58, 39 L.Ed.2d 662 (1974)); *Liddell v. State of Missouri*, 731 F.2d 1294, 1308 n. 13 (8th Cir.), *cert. denied*, 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed.2d 30 (1985).

However, it remains true that if a responsible officer is not joined in an individual capacity, a suit brought solely against the state or one of its agencies is generally barred by the eleventh amendment. *Penhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). In the present case, though an individual officer was initially joined, Denke later entered into a settlement agreement and that individual was dismissed from this action. Consequently, the suit is presently one solely against the Department of Social

Services, an agency of the State of South Dakota, and is thus barred by the formal terms of the eleventh amendment.

The decision of the district court is affirmed.