**Laura NIX, Appellant,**

**v.**

**Bobby NORMAN, Arkansas Commission on Law Enforcement Standards and Training and The State of Arkansas, Appellees.**

No. 88–1832.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1989.

Decided July 19, 1989.

David F. Guthrie, El Dorado, Ark., for appellant.

Lynley Arnett, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before JOHN R. GIBSON and MAGILL Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Laura Nix appeals from a district court order dismissing her civil rights action against Bobby Norman, the Arkansas Commission on Law Enforcement Standards and Training, and the State of Arkansas. We affirm in part and reverse in part.

BACKGROUND

Nix filed a lawsuit under 42 U.S.C. § 1983 alleging that Bobby Norman, director of the Arkansas Law Enforcement Training Academy (Academy), fired her from her job as a secretary because she expressed criticisms of the Academy to Governor Bill Clinton in 1986. Nix alleged that the stated reason for her termination, her involvement in an "improper relationship" with a superior at the Academy, was false. She sought compensatory and punitive damages for the violation of her constitutional rights, as well as injunctive relief in the form of an order to remove any false allegations from her employment record.

The district court granted the defendants' motion to dismiss on the grounds that all three parties were immune from suit under the Eleventh Amendment to the United States Constitution. Nix then asked the court for a modification of its order, allowing her to proceed against Bobby Norman in his individual capacity. The district court refused this request. On appeal, Nix alleges that the district court erred in finding that she had sued Norman in his official rather than his individual capacity. We disagree. We believe, how-

ever, that the district court erred in its analysis of Norman's Eleventh Amendment immunity from suit. For this reason, we remand that portion of the case to the district court.

DISCUSSION

A. Individual v. Official Capacity

The district court held that Nix initiated her suit against Norman in his official capacity as director of the Academy. It subsequently refused to modify its decision to allow Nix to sue Norman in his individual capacity. We agree with the district court that, as written, the complaint only stated a claim against Norman in his official capacity and was not sufficiently clear to give Norman notice that he was being sued in his individual capacity.

On its face, the complaint did not indicate whether Nix sought to recover damages from Norman directly or whether she sought to hold Norman responsible only as the director of a state agency. The caption of the case in the district court read "*Laura Nix v. Bobby Norman, Arkansas Commission on Law Enforcement Standards and Training and the State of Arkansas.*" In paragraph five of her complaint, however, Nix alleged:

> The actions of the defendant Norman were taken in his official capacity as director of the Academy and were adopted and ratified by the other defendants to such an extent that such actions constitute an accepted policy or custom of the other defendants for which they should likewise be held liable.

Thus, paragraph five appears to indicate that Norman's allegedly unconstitutional actions were made pursuant to authority delegated to him by the Commission and the State.

Generally, individual-capacity suits involve actions taken by governmental agents outside the scope of their official duties. Official-capacity suits typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision. Nix's complaint and her brief on appeal indicate that Nix believes the Commission delegated to Nor-

man the final authority over personnel matters and that his decision to fire her was made pursuant to this authority. Thus, the district court correctly held that she stated only an official-capacity claim against Norman.

Nix concedes that her complaint was not a picture of clarity, but argues that the district court should have interpreted it as a suit against Norman in both capacities. As a judgment against a public servant in his individual capacity exposes him or her to compensatory and punitive damages, we have repeatedly stated that section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: "Plaintiff sues each and all defendants in both their individual and official capacities." *Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n. 3 (8th Cir.1984). This language guarantees that the defendant receives prompt notice of his or her potential personal liability. *See Jackson v. Crews*, 873 F.2d 1105, 1107 (8th Cir.1989) (district court correctly held that complaint stated individual-capacity claim as it provided clear notice to defendant that he was being sued in his individual capacity). Other than mentioning "joint and several liability" in her prayer for relief, Nix failed to indicate with the requisite clarity that she sought damages directly from Norman.

■ Finally, Nix argues that an express averment in the complaint as to Norman's capacity was unnecessary, citing to Rule 9(a) of the Federal Rules of Civil Procedure. Rule 9(a) provides:

> (a) Capacity. It is not necessary to aver the capacity of the party to sue or to be sued * * * *except to the extent required to show the jurisdiction of the court.*

The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. *Rose v. State of Nebraska*, 748 F.2d 1258, 1262 (8th Cir.1984), *cert. denied*, 474 U.S. 1014, 106 S.Ct. 547, 88 L.Ed.2d 476 (1985). That being the case, Rule 9(a) appears to *require* Nix to make a capacity stipulation in the complaint.

Nix also argues that the district court erred in refusing to modify its original order or to allow her to develop the record as to whether Norman or the state agency was the moving force behind the wrongful conduct in this case. As we stated above, however, the defendants raised a jurisdictional issue in their motion to dismiss and the question was properly addressed at that time.

## B. Eleventh Amendment Immunity

■ We agree with the district court that the Eleventh Amendment protects the State of Arkansas and the Commission from section 1983 liability in this case. We believe, however, that the district court has jurisdiction over a suit against Norman in his official capacity with regard to Nix's request for prospective, injunctive relief. Generally, a suit brought solely against a state or a state agency is proscribed by the Eleventh Amendment.[1] *See Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1687–88, 40 L.Ed.2d 90 (1974); *Denke v. South Dakota Dept. of Social Services*, 829 F.2d 688, 689 (8th Cir.1987). Over the years, however, important exceptions to state immunity from suit have been recognized which allow citizens to vindicate rights infringed on by the state. If a state official is named as a defendant instead of the state or one of its agencies, "the Eleventh Amendment status of the suit is less straightforward." *Papasan*, 478 U.S. at 276, 106 S.Ct. at 2939. Under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a state officer who violates the United States Constitution acts without state authority and is thus subject to suit. *Id.* at 159–60, 28 S.Ct. at 453–54. Officials, although acting in their official capacity, may be sued in federal court. *Papasan*, 478 U.S. at 277, 106 S.Ct. at 2939–40.

■ Furthermore, while the Eleventh Amendment bars suits by private parties "seeking to impose a liability which must be paid from public funds in the state treasury," *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974), courts may order injunctions to prevent or to remedy a state officer's conduct. *See Ex Parte Young*. Courts may also award a wide range of prospective relief "which serves to bring an end to a present violation of federal law * * * even though accompanied by a substantial ancillary effect on the state treasury." *Edelman*, 415 U.S. at 667–68, 94 S.Ct. at 1357–58; *see also Quern v. Jordan*, 440 U.S. 332, 346–47, 99 S.Ct. 1139, 1147–49, 59 L.Ed.2d 358 (1979) (state officials could be ordered to send notice to class of welfare beneficiaries illegally denied benefits); *Liddell v. Bd. of Ed. of City of St. Louis*, 839 F.2d 400, 404 (8th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988) (State of Missouri liable to school district for building repairs); *Liddell v. State of Missouri*, 731 F.2d 1294, 1308 n. 13 (8th Cir.), *cert. denied,* 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed.2d 30 (1985) (state liability for interdistrict school transfers not barred by Eleventh Amendment).

■ The district court held that the State of Arkansas, the Commission and Norman were immune from suit under the Eleventh Amendment. We agree that under the formal terms of the Eleventh Amendment, Nix may not bring an action solely against either the state or one of its agencies. Thus, the district court correctly found these parties immune from suit. A state agent, however, may be sued in his official capacity if the plaintiff merely seeks injunctive or prospective relief for a legally cognizable claim. *See Will v. Michigan Dept. of State Police,* — U.S. —, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (state officials sued in their official capacities for injunctive relief are "persons" un-

---

1. The Eleventh Amendment provides:

   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State.

der section 1983 because official-capacity actions for prospective relief are not treated as actions against the state).

■ First, we believe Nix has stated a legally cognizable claim in her complaint. To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, *see Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (allegedly unconstitutional city policy of forcing women to take leave of absences for pregnancy earlier than necessary), or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (allegedly unconstitutional decision by county prosecutor to order police to use force in serving capiases); *Williams v. Butler*, 863 F.2d 1398 (8th Cir.1988), *cert. denied*, — U.S. 565, 109 S.Ct. 3215, 106 L.Ed.2d — (1989) (allegedly unconstitutional decision by judge to fire court clerk); *Clay v. Conlee*, 815 F.2d 1164 (8th Cir.1987) (allegedly unconstitutional decision to arrest a state trooper).

■ Nix, in her complaint, alleges that Norman illegally fired her pursuant to a broad delegation of authority from the State of Arkansas. Paragraph five states that the decision to fire Nix was adopted and ratified by the Commission, thereby rendering Norman's action a product of state policy. We have recognized that the unconstitutional discharge of an employee, if made by an agent with final authority over employment matters, may be a cogni-

zable injury under section 1983. *Williams v. Butler*, 863 F.2d at 1403. We have also determined that a governmental entity may be liable for the implied or tacit authorization, approval or encouragement of illegal conduct by its employees. *See Sanders v. St. Louis*, 724 F.2d 665, 667 (8th Cir.1983) (per curiam). Thus, in an official-capacity suit, a plaintiff states a legally cognizable claim under section 1983 if she alleges that a state official, acting pursuant to his delegated authority or with the tacit or implied approval of the governmental entity, discharged her because of an exercise of constitutionally protected speech. *See Mount Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 283, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977) (plaintiff stated a claim under section 1983 by alleging that decision not to rehire him was motivated by plaintiff's speech). We find that, for the purposes of surviving a motion to dismiss, Nix has stated a section 1983 claim for which relief against Norman may be granted.[2]

Second, although Nix has included in her complaint a request for compensatory and punitive damages, she also seeks an injunction in the form of an order to clear her employment record of any false allegations of improper behavior. Monetary damages are unrecoverable against Norman in his official capacity under *Edelman*, as such an award would require an expenditure of state funds. Thus, that portion of Nix's complaint seeking compensatory and punitive damages against Norman in his official capacity must be dismissed. The injunctive relief sought, however, is clearly prospective in nature, would require no expenditure of state funds, and is, therefore, not barred by the Eleventh Amendment.[3]

---

**2.** We do not make a final determination of whether Norman's action constituted state policy. We merely hold that Nix has stated a claim for which relief can be granted as against Norman in his official capacity. Whether the allegations of state involvement in her termination are true remain for the district court to determine after further development of the record.

**3.** We note that state officers are personally liable for their conduct if sued in an individual capacity. In individual-capacity suits, the Eleventh Amendment does not bar compensatory

damages, *Scheuer*, 416 U.S. at 238, 94 S.Ct. at 1687, or punitive damages. *Memphis Community School District v. Stachura*, 477 U.S. 299, 306, n. 9, 106 S.Ct. 2537, 2542, n. 9, 91 L.Ed.2d 249 (1986). Although Nix neglected to name Norman in his individual capacity, she may seek to do so on remand. Rule 15(a) of the Federal Rules of Civil Procedure permits a party, on motion to the district court, to amend her pleadings "when justice so requires." It is a settled rule of practice that the trial court is vested with sound discretion to grant or to refuse such a request. *Herrera v. Valentine*, 653

## CONCLUSION

We affirm the decision of the district court to dismiss Nix's claims against the State of Arkansas and the Commission. We reverse with regard to the official-capacity claim against Norman and remand for further proceedings consistent with this opinion.

F.2d 1220, 1223 (8th Cir.1981). If the district court subsequently allows Nix to add an individual-capacity claim against Norman, she may also seek to reinstate her request for compensatory and punitive damages.