**David JOHNSON, Plaintiff,**

v.

**Samuel LEWIS, et al., Defendants.**

**No. CIV 89–741 TUC ACM.**

United States District Court,
D. Arizona,
Tucson Division.

May 8, 1990.

Richard B. Arotta, Tucson, Ariz., for plaintiff.

Lynne Abney, Phoenix, Ariz., for defendants.

## ORDER

MARQUEZ, District Judge.

The Plaintiff filed his complaint December 22, 1989. The Defendants filed a Motion for Judgment on the Pleadings Febru-

ary 6, 1990. The Defendants' motion is granted in part.

The Court issued an Order April 12, 1990 which dismissed several of the Plaintiff's claims. The remaining claims are: Count One against Arter Johnson and Audrey Burke in their individual capacities under 42 U.S.C. §§ 1983 and 1988, and; Count Two against the Arizona Board of Pardons and Paroles and Samuel Lewis, Arter Johnson and Audrey Burke in their official and individual capacities. The Court is treating Count Two as a pendent claim under A.R.S. §§ 12–821 et seq.[1]

Arter Johnson and the Board of Pardons and Paroles

Parole Board members are entitled to absolute immunity "when they act 'to grant, deny, or revoke parole'," *Anderson v. Boyd,* 714 F.2d 906, 908, (9th Cir.1983), *Sellars v. Procunier,* 641 F.2d 1295 (9th Cir.1981) because their tasks are quasi-judicial in nature. Arter Johnson is the Chairman of the Board of Pardons and Paroles. Because the record reflects that Johnson was acting "to grant, deny or revoke parole"[2], he is entitled to absolute immunity and all claims against him are dismissed with prejudice.

The Defendants assert that the Board is entitled to Eleventh Amendment immunity. This amendment prohibits the recovery of monetary damages against a state without its consent. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974), *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985). The Plaintiff seeks only monetary relief. Because recovery against the Board would in reality be recovery against the state and because the Plaintiff does not allege that the state has consented to suit, the Board of Pardons and Paroles is enti-

---

1. This section permits actions against the State of Arizona. If the Court were to treat Count Two as a § 1983 claim, it would be dismissed because mere negligence does not state a claim for relief under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), *Davidson v. Cannon,* 474

U.S. 344, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

2. Paragraph XI of the complaint states, "Defendant ARTER JOHNSON is and was at all times relevant hereto the duly appointed chairman of the Arizona Board of Pardons and Paroles."

tled to Eleventh Amendment Immunity and is dismissed from this action [3].

### Official v. individual capacity claims

[3] Generally, official capacity suits involve actions of state agents which fall within the scope of their statutorily granted authority. *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682, 689–90, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628 (1949), *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.1989). The existence of a simple mistake of fact or law does not necessarily mean that a government officer has exceeded the scope of his authority. *Aminoil U.S.A. Inc. v. Cal. State, Etc.*, 674 F.2d 1227 (9th Cir.1982). An officer's action is still official as long as it does not conflict with his valid statutory authority, even if such action is otherwise tortious. *Larson, supra*, 337 U.S. at 695, 69 S.Ct. at 1464.

In contrast, individual or personal capacity suits involve the actions of state agents which are outside the scope of their official duties. *Id.* A state agent acts in his individual capacity if his actions exceed his statutorily granted powers or if he carries out his actions in a manner forbidden by the sovereign. *Larson, supra*, at 689–90, 69 S.Ct. at 1461 [4].

All individual defendants were initially sued in both their official and individual capacities. The Court dismissed the official capacity claims under Count One against all defendants except Audrey Burke in its April 12 order under *Will v. Michigan State Department of Police*, — U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) [5].

The individual capacity claim against Burke is deficient for two reasons. First, the complaint does not set forth the statute whose authority Burke allegedly exceeded. A plaintiff is required to set forth in his complaint the statutory limitation which he claims the defendant has exceeded in order to prove that the defendant was acting in his individual capacity. *Larson, supra*, 337 U.S. at 691, 69 S.Ct. at 1461. Second, the complaint does not allege any specific actions of Burke which may have exceeded her statutory authority.

As currently drafted, Count One is subject to dismissal. Dismissal of Count One would strip this Court of jurisdiction over the remainder of the Plaintiff's claim. The Plaintiff is granted leave to amend Count One to cure the deficiencies with respect to Burke.

The Plaintiff is also granted leave to amend Count One to allege facts showing that Samuel Lewis was personally involved in the alleged deprivation and that he was acting in his individual capacity.

Failure by the Plaintiff to sufficiently amend Count One will result in the dismissal of this action for lack of jurisdiction.

Accordingly,

IT IS ORDERED that the Motion for Judgment on the Pleadings is GRANTED as to defendants Arter Johnson and the Arizona Board of Pardons and Paroles. All claims against them are dismissed with prejudice.

IT IS FURTHER ORDERED that the Plaintiff is granted until June 1, 1990 to amend Count One to state a § 1983 claim against defendants Audrey Burke and Samuel Lewis. Failure to adequately

---

3. The Defendants argue that the Board is entitled to immunity under *Anderson* and *Sellars, supra*. This is not so. The *Sellars* quasi-judicial immunity is an individual defense and cannot be asserted by a body such as the Board.

4. In *United States v. Yakima Tribal Court*, 806 F.2d 853, (9th Cir.1986), the Ninth Circuit held that any time a government agent commits an unconstitutional act, he is necessarily acting outside the scope of his authority. *Id.* at 859. Thus, unconstitutional acts are by definition outside the scope of a government agent's official capacity. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1332–33, n. 3 (9th Cir.1987).

5. Under *Will*, neither a State nor its officials *acting* in their official capacities are "persons" under § 1983. 109 S.Ct. at 2305, 2312.

*Sample v. Diecks*, 885 F.2d 1099 (3rd Cir. 1989), submitted by the Plaintiff, is inapposite because it fails to discuss *Will*.

amend Count One will result in the dismissal of this action for lack of jurisdiction.