908 F.2d 972
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry D. COX, Plaintiff-Appellant,
v.
Michael Ray SAPP, Defendant-Appellee.
 No. 89-5805.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1990.
 
 Before WELLFORD and BOGGS, Circuit Judges and HORACE W. GILMORE,* District Judge.
 PER CURIAM:
 
 
 1
 This appeal challenges the district court's grant of defendant's motion for summary judgment based on qualified immunity following a marijuana raid by local law enforcement authorities on a rural Kentucky farm.
 
 
 2
 On September 27, 1985, defendant Michael Ray Sapp, a Kentucky state trooper, was off duty in his unmarked car when he received a call on the police radio informing him that a marijuana raid had resulted in the discovery of automatic weapons, and that suspects were believed to have fled. He was given no identifying information on any suspects.
 
 
 3
 As he headed toward the scene of the raid on a rural road (Sapp maintains this was "a very short distance from" the raid scene; Cox says it was "miles" away), Sapp noticed an approaching van. James Gabehart was driving the van and plaintiff Jerry Cox was a passenger in the front seat of the van. Sapp turned his car around and began to follow the van. Sapp claimed that the van had a broken tail light and pulled it over, calling for a backup because he also suspected those in the van might be involved in the marijuana raid. Gabehart got out of the van and gave Sapp his driver's license upon request. Gabehart also gave his consent to have Sapp search his van. Sapp claimed that he saw Cox, the passenger, "moving around between two bucket seats" in the front of the van. Sapp asked Cox to get out of the van, and patted down both Cox and Gabehart.
 
 
 4
 Upon searching the vehicle, Sapp discovered a police "scanner" radio (illegal under Kentucky law) and a .22 caliber semi-automatic rifle (illegal if concealed). Sapp maintains that the rifle was covered with old clothes. Cox, on the other hand, asserts that there was nothing covering the rifle either when he got into the van or when the van was stopped and examined by Sapp. Cox is not explicit in his testimony about whether the rifle was covered up when Sapp performed the search.
 
 
 5
 When a second state police car arrived, Sapp left Cox and Gabehart with other state troopers, and proceeded to the raid location, which was not far away. Cox maintains that the other troopers took him and Gabehart to the raid site and made them wait there for about an hour and a half before finally taking them to the courthouse, but this proceeding under 42 U.S.C. Sec. 1983 involves only Sapp. At the courthouse, Cox was fingerprinted and photographed, and his clothes confiscated for drug testing. Defendant claims that the clothing belonging to Cox and to Gabehart was covered with dark stains, but no test results as to presence of marijuana were introduced. Sapp's deposition indicates only that both men's hands were darkly stained. In any event, the district court opinion finds that the clothing had dark stains.
 
 
 6
 Cox, as well as Gabehart, was charged with possession of the scanner and possession of a concealed weapon. At the time of the booking when Sapp advised the nature of the charge against them, Gabehart informed Sapp that the rifle and scanner belonged to him. Both men were subsequently released by a judge after an arraignment date was set. The state court judge later dismissed the charges against Cox, and this suit ensued. One wonders why this suit was not instituted in state court for alleged wrongful detention and arrest.
 
 
 7
 Cox had been arrested earlier that day by Taylor County authorities and booked on marijuana trafficking charges. There is nothing to suggest that trooper Sapp had any knowledge of this at the time the incidents took place, about nine o'clock that evening. We therefore consider this information to be of no relevance to the qualified immunity defense presented by Sapp.
 
 
 8
 Cox alleged that his detention, search, and arrest were in violation of his constitutional rights under Sec. 1983. The district court granted Sapp's motion for summary judgment, based on Sapp's claim of qualified immunity, finding "clearly undisputed facts revealing that Officer Sapp acted as any reasonably competent officer would act under the same circumstances." We affirm.
 
 
 9
 Cox has failed to state clearly that he is suing Sapp in his individual capacity while acting under color of state law. Cox sued Sapp as a Commonwealth "policeman" and as a resident of Taylor County, and asserted that the "acts of the defendant alleged herein were done ... not as an individual, but under the color and pretense of the statutes ... of Kentucky."
 
 
 10
 Under Will v. Michigan Dept. of State Police, --- U.S. ----, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) Cox cannot sue Sapp in his official capacity only, because such a suit would ultimately be against the state, which is not a "person" as that word is used in Sec. 1983. Will, 109 S.Ct. at 2311-12.
 
 
 11
 We adopt the Eighth Circuit's interpretation of Will, which requires that plaintiffs seeking damages under Sec. 1983 set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. See Nix v. Norman, 879 F.2d 429 (8th Cir.1989). Plaintiffs' complaint does not meet this test, and we therefore dismiss the appeal for lack of subject matter jurisdiction.
 
 
 12
 Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989) (footnote omitted). The complaint, however, does not name the Commonwealth of Kentucky or any department as a party. Giving Cox the benefit of some doubt, we construe the suit as one against Sapp individually. The complaint in this case was filed well before Wells was issued.
 
 
 13
 In reviewing the district court's grant of summary judgment, we must determine if there is any genuine issue of material fact such that a jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Yancey v. Carroll County, Ky., 876 F.2d 1238, 1242 (6th Cir.1989).
 
 
 14
 Qualified immunity shields government officials from civil liability "insofar as their conduct does not violate clearly established ... rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 15
 Viewing disputed issues of fact in Cox's favor, as we must in light of defendant's summary judgment motion, we assume that the van in question was stopped some distance from the site of the raid. We would also assume that the gun was not concealed, at least at the time the van was stopped. Cox apparently informed Sapp that the scanner was not his and Sapp claims that Gabehart said that "we found" the scanner. We find no clear denial of the existence of a broken tail light in the record. Sapp stated candidly:
 
 
 16
 I probably would have stopped the vehicle anyway; however, when I make a traffic stop I like to have a traffic reason, and that's not for an excuse, but that's for the reason we don't like to indiscriminately stop anyone.
 
 
 17
 Under these circumstances, we hold that Sapp's stop of the van for a traffic violation or for investigation relating to the marijuana raid did not violate any clearly established rights. Although the case is close, we conclude that under the standard of Harlow v. Fitzgerald, 457 U.S. 800 (1982), Sapp's decision to stop the vehicle was objectively reasonable and protected by qualified immunity. The search of the van was plainly by the consent of its owner, and so cannot be the basis for any liability. Similarly, the pat-down search of Cox, if at all improper, would also be well within the scope of objectively reasonable police behavior protected from damages suits of this type by Harlow.
 
 
 18
 On the issue of the rifle, Sapp maintains that it was completely obscured from view by a layer of clothing, and that he had witnessed Cox moving about in that area while Sapp talked to Gabehart. Although Cox has not denied bending or moving, he does deny that the gun was concealed, at least when the truck was stopped. Giving Cox the benefit, we cannot say that there is no disputed fact question here.
 
 
 19
 Granting Cox the benefit of these doubts on the gun, the defendant officer took into custody those who possessed an illegal scanner and may arguably have possessed a concealed weapon, and whose hands and/or clothing had suspicious stains that might reasonably be taken to have originated from marijuana.
 
 
 20
 Even assuming that Sapp pulled the van over only because he believed it might have been related to the drug raid; patted down Cox and Gabehart; searched the van with Gabehart's consent; found the weapon and the illegal police scanner; and then took the men into custody based on this conduct, we see no constitutional violation under the rationale of Harlow. The relevant inquiry here is qualified immunity, a legal issue to be decided by the court, Garvie v. Jackson, 845 F.2d 647, 649 (6th Cir.1988), and we find no error in the decision of the district court.
 
 
 21
 We accordingly AFFIRM the district court's grant of summary judgment.