16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Tracy A. NICHOLS, Appellee,
v.
Crispus C. NIX; Defendant,
D. Dressler, Appellant.
 No. 93-1490.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: January 28, 1994.
 
 Before BEAM, Circuit Judge, LAY, Senior Circuit Judge and BOGUE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Darrold Dressler, a mailroom clerk at the Iowa State Penitentiary (ISP), appeals the district court's grant of injunctive relief to Tracy Nichols, an inmate at ISP. After a trial, the district court found that Nichols's First Amendment rights had been violated when Dressler denied him access to three publications from the Church of Jesus Christ Christian (CJCC).[1] The CJCC advocates separation of the races.
 
 
 2
 Dressler does not contest the district court's findings on the merits of the First Amendment issue. For reversal, he argues only that there is no evidence of any conduct by him upon which to establish liability. He contends that because he acted pursuant to directions from the ISP Publication Review Committee to deny delivery of the publications, he cannot be held liable. We disagree. Dressler does not dispute the district court's factual finding that he signed the rejection notice, indicating that Nichols was denied receipt of the materials because the publications were disapproved by the Publications Review Committee. The evidence shows that Dressler thus implemented an unconstitutional policy. Whether the members of the Publications Review Committee may also be liable is of no consequence.
 
 
 3
 Under Ex Parte Young, 209 U.S. 123 (1908), a state officer who violates the United States Constitution acts without state authority and is thus subject to suit. Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989). Furthermore, while the Eleventh Amendment bars suits by private parties to impose a liability which must be paid from public funds in the state treasury, courts may order injunctions to prevent or to remedy a state officer's conduct. Id. Courts may award a wide range of prospective relief which serves to bring an end to a present violation of federal law even though accompanied by a substantial ancillary effect on the state treasury. Id. The district court awarded only prospective relief in this case.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE ANDREW BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The parties consented to trial before United States Magistrate Judge Mark W. Bennett, pursuant to 28 U.S.C. Sec. 636(c)