# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3756

_____

D.E.S.; A.S.; D.L.S., a minor,    *
by and through his Natural    *
Father and Next Friend, D.E.S.,    *
   *
       Appellants,    *
   *   Appeal from the United States
      v.    *   District Court for the Eastern District
   *   of Missouri.
Neal P. Kohrs; City of Creve Coeur,    *
   *        [UNPUBLISHED]
       Appellees.    *
   *

_____

Submitted: April 19, 1999

Filed: July 16, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

This case arises out of allegations of sexual molestation at a private school against D.L.S., a first grade student, by another first grade student. Neil P. Kohrs, a

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

detective with the City of Creve Coeur, Missouri (City) was assigned to investigate the incident and to develop a report for review by juvenile court authorities.  Plaintiff D.L.S. alleges that Kohrs unlawfully disclosed information about the case to school officials and to the parents of some of his classmates, including false representations that D.L.S. had been charged with "behavior injurious" and/or "criminal sexual assault." The initial six-count complaint filed by D.L.S. alleged a section 1983 cause of action against Kohrs for violating D.L.S.'s constitutional right to privacy.  The five remaining counts asserted state law violations of:  (1) invasion of privacy by public disclosure of private facts; (2) invasion of privacy by placing persons in a false light; (3) slander; (4) negligence by Kohrs; (5) and negligence by the City.

In considering the defendants' motion to dismiss, the district court[2] found that because the gravamen of D.L.S.'s section 1983 claim against Kohrs was not the disclosure of  private information but rather the falsity of the disclosure, D.L.S. had failed to state a claim for violation of a  constitutional right to privacy.  Alternatively, the court held that, even if it were to conclude that D.L.S. had properly stated a claim, Kohrs was entitled to qualified immunity because D.L.S.'s right to privacy in the information was not clearly established.  Regarding D.L.S.'s state law claims, the district court dismissed two of the five counts because it found that they failed to state a claim.  It declined to exercise its pendent jurisdiction over the remainder of the state claims.  D.L.S. appeals the district court's decisions.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim.  See Dover Elevator Co. v.  Arkansas State Univ., 64 F.3d  442, 445 (8th Cir. 1995). We affirm the district court's dismissal of D.L.S.'s  section 1983 claim, albeit on different grounds.  We also affirm the district court's resolution of D.L.S.'s state law claims.

_____

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, presiding.

Public officials may be sued under section 1983 in either their official or individual capacity, or both. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). This court has held that in order to sue a public official, such as Kohrs, in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be assumed that the defendant is being sued only in his official capacity. See id. Although both parties and the district court construed the 1983 suit as against Kohrs in his individual capacity, D.L.S.'s complaint, which we note he has had the opportunity to twice amend, does not specify in what capacity Kohrs is being sued. Furthermore, the wording of the complaint which states that Kohrs was "discharging his official duties" and acting in the "course and scope of his employment" when he made the allegedly unlawful disclosures, resonates more along the lines of an official-capacity suit. See Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (individual capacity suits involve actions taken by governmental agents outside the scope of their official duties). Thus, we conclude that D.L.S. has failed to state an individual capacity claim against Kohrs. The suit, instead, is to be construed as against Kohrs in his official capacity.

A suit against a public employee in his official capacity is merely a suit against the municipality. See Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998). A municipality may be held liable for the unconstitutional acts of its employees when those acts implement an unconstitutional policy or custom. See Johnson, 172 F.3d at 535. D.L.S. alleges no such policy or custom in his section 1983 count.[3] In short,

---

[3]Nor do we think that D.L.S. has sufficiently stated such a policy or custom, even if we were to consider the allegations made in the state law negligence claim that the City was negligent in training and supervising its police officers. See City of Canton v. Harris, 489 U.S. 378, 388 (1989) (inadequacy of police training may serve as basis for section 1983 municipal liability only where failure to train amounts to *deliberate indifference*).

there is nothing either in the complaint or the record that indicates liability on the part of the municipality.  We therefore affirm the dismissal of the section 1983 claim.

Having carefully reviewed the record and the parties' briefs, we also affirm the district court's disposition of D.L.S.'s state law claims without further discussion.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.