# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1639EA

_____

Dustin Andrus, by and through his          *
guardians Sharan Andrus and Rose           *
Givens; Sharan Andrus; and                 *
Rose Givens,                               *
                                           *
          Appellees,                       *
                                           *   On Appeal from the United
     v.                                    *   States District Court
                                           *   for the Eastern District
                                           *   of Arkansas.
State of Arkansas, Arkansas State          *
Police Department, and John Bailey,        *
Director, Arkansas State Police            *
Department,                                *
                                           *
          Appellants.                      *

_____

Submitted: September 17, 1999

Filed:  November 30,  1999

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and SIPPEL,[1]
     District Judge.

_____

---

[1]The Hon. Rodney W. Sippel, United States District Judge for the Eastern and
Western Districts of Missouri, sitting by designation.

RICHARD S. ARNOLD, Circuit Judge.


Defendants moved for the dismissal of claims against them on the ground of Eleventh Amendment immunity. The District Court[2] partially denied their motion, retaining John Bailey in his official capacity for purposes of injunctive relief. The defendants appeal, and we affirm. We hold that the complaint sufficiently requests injunctive relief against Col. Bailey to survive a motion to dismiss.


I.


Plaintiffs filed claims under 42 U.S.C. § 1983 against the State of Arkansas and the Arkansas State Police Department, among others. The plaintiffs' complaint requested monetary damages and injunctive relief for alleged violations of Dustin Andrus's constitutional rights during an arrest and for the State Police Department's allegedly unconstitutional supervisory policies. Before any response, the plaintiffs amended their complaint, adding the State Police Colonel and Director, John Bailey, as a defendant.


Some of the defendants, including Col. Bailey, made a motion to be dismissed from this action, claiming Eleventh Amendment immunity. The plaintiffs did not contest the dismissal of the State and the State Police, but argued that the motion should be denied as to Col. Bailey because they sought injunctive relief against him. The District Court entered an order dismissing the State and the State Police Department, but denied the defendants' motion with regard to Col. Bailey, who was

_____

[2]The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas.

retained as a defendant in his official capacity, for purposes of plaintiffs' claim for injunctive relief.

## II.

On appeal, defendants argue that the District Court should have dismissed the plaintiffs' official-capacity claim against Col. Bailey under the Eleventh Amendment.[3] The Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials. Ex Parte Young, 209 U.S. 123 (1908). Defendants argue, however, that the plaintiffs' complaint must be read to request only monetary damages against Col. Bailey. A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). We review the District Court's denial of defendants' motion to dismiss de novo. Breedlove v. Earthgrains Baking Companies, 140 F.3d 797, 799 (8th Cir. 1998).

Defendants argue that Egerdahl v. Hibbing Community College, 72 F.3d 615 (8th Cir. 1995), requires us to interpret plaintiffs' complaint as requesting only monetary damages. In Egerdahl, we held that if a complaint is silent, or only hints at the capacity in which a state officer is sued for monetary damages, the complaint should be interpreted as an official-capacity claim. Id. at 619. In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability, Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989); in addition, Fed. R. Civ. P. 9(a) requires a plaintiff to plead capacity to the extent necessary to show jurisdiction, and the Eleventh Amendment places a jurisdictional limit on actions against officers in their official capacities. Nix, 879 F.2d at 431.

---

[3] This is an issue that may be raised by interlocutory appeal under the collateral-order doctrine. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993).

By analogy with Egerdahl, defendants argue that the plaintiffs in this case should have been required to request injunctive relief against Col. Bailey as specifically as if they were pleading individual capacity. As in Egerdahl, jurisdiction is an issue here because official-capacity suits may be brought against state officials only for injunctive relief. The analogy, however, is not perfect. The real party in interest in an official capacity suit is the State, see Hafer v. Melo, 502 U.S. 21, 25 (1991); accordingly, a plaintiff puts the State on notice that relief is sought against it by suing an officer in his official capacity. Additionally, Fed. R. Civ. P. 9 does not create any special pleading requirements relating to requests for relief, as it does with capacity, and, as a general rule, requesting incorrect relief is not grounds for dismissal. See Fed. R. Civ. P. 54(c); Holt Civic Club v. Tuscaloosa, 439 U.S. 60, 66 (1978) (prayer for relief may be looked to where there is doubt as to the substantive theory under which plaintiff is proceeding, but omissions in the prayer are not in themselves a barrier to redress of a meritorious claim).

We think the complaint requests injunctive relief against Col. Bailey with sufficient clarity. It is true that plaintiffs' complaint makes no explicit request for injunctive relief against Col. Bailey by name. (The complaint also makes no specific request for monetary damages against Col. Bailey.) Plaintiffs' complaint, however, does specifically request injunctive relief: first, plaintiffs request an injunction requiring the State to establish a citizens' review commission to oversee and evaluate misconduct by officers and supervisors of the State Police Department; second, plaintiffs request that the commission be given authority over police supervisors and officers to subpoena their testimony; third, plaintiffs request such other equitable relief as is just and proper. This last request is easily understood to include injunctive relief against Col. Bailey, or his successor, if relief needs to be in that form to be effective.

Plaintiffs' requests for injunctive relief make clear that they are seeking, generally, such injunctive relief as is just and proper given their allegations, and,

specifically, such as is necessary to create a citizens' commission to review alleged police misconduct. In this case, such relief would involve necessarily an injunction against Col. Bailey as the final policy-maker for the State Police. Plaintiffs ask the Court to issue an injunction placing police supervisors, a class which includes Col. Bailey, and state police officers, a group that Col. Bailey's office controls, under the subpoena authority of a civilian commission. While it is true that this request is not made against Col. Bailey by name, he is included in a group against whom injunctive relief is sought. The complaint here could have been clearer, but there is far more here than the silence and "cryptic hint[s]" as to the plaintiffs' intentions that we found inadequate in Egerdahl.

### III.

For these reasons, we affirm the District Court's refusal to dismiss Col. Bailey as a defendant in his official capacity for purposes of injunctive relief. We remand this case to the District Court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.