# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3854

———————

Jimmy L. Hood,      *

        *

     Appellant,      *

        *

     v.      *    Appeal from the United States

        *    District Court for the

Larry Norris, Director, Arkansas      *    Eastern District of Arkansas.

Department of Correction; Gaylon Lay,    *

Warden; Carl Griswold, Employee,      *    [UNPUBLISHED]

        *

     Appellees.      *

———————

Submitted: May 17, 2006

Filed: July 12, 2006

———————

Before BYE, HANSEN, and SMITH, Circuit Judges.

———————

PER CURIAM.

Jimmy Hood (Hood), an employee of the Arkansas Department of Correction (ADC) brought an action alleging violations of 42 U.S.C. § 1983 and state law. The district court[1] granted summary judgment in favor of defendants, and finding no constitutional violations, the court opted not to exercise supplemental jurisdiction over Hood's state-law claim.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Having reviewed the record and appellate submissions, see Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir.) (de novo review), cert. denied, 543 U.S. 991 (2004), we agree with the district court that Hood's federal claims were barred by the Eleventh Amendment, because he named the defendants only in their official capacities. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (Eleventh Amendment immunity bars § 1983 damages claim against State and its agencies); Robb v. Hungerbeeler, 370 F.3d 735, 739 (8th Cir. 2004) (official-capacity suit is treated as suit against government entity), cert. denied, 543 U.S. 1054 (2005); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (to state individual-capacity claim, complaint must either specifically name defendants in their individual capacities or must involve actions taken by government agents outside scope of official duties). Although the Eleventh Amendment does not bar prospective injunctive relief, see Nix, 879 F.2d at 432, Hood never explained how any ADC policy was unconstitutional, see id. at 433 (to establish liability in official-capacity suit under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom).

Accordingly, we affirm without further discussion. See 8th Cir. R. 47B. However, we clarify that dismissal of the state-law claim was without prejudice. See Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968 (1996).

_____