# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 15-6013

_____

In re: John Lloyd Broos; Carol Jean Broos

*Debtor*s

------------------------------

John Lloyd Broos; Carol Jean Broos

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted: July 6, 2015
Filed: July 16, 2015

_____

Before SCHERMER, NAIL, and SHODEEN, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

John Lloyd Broos and Carol Jean Broos (Debtors) appeal from the Bankruptcy Court's[1] order substituting the named defendants, several employees of the Internal Revenue Service (IRS), for the United States, and dismissing their complaint. The Debtors' complaint alleged violations of 26 U.S.C. § 7433 and 11 U.S.C. § 524. We have jurisdiction over this appeal. 28 U.S.C. § 158(b). We affirm.

## ISSUES

1. Was it proper to substitute the United States as the defendant?

2. Was it proper to deny the Debtors' request for entry of default judgment?

3. Did the Debtors have standing to bring an action for damages without first following the remedies under 26 U.S.C. § 7433?

## BACKGROUND

On July 21, 2009, the Debtors filed a petition for Chapter 7 relief. On their schedules, the Debtors listed the IRS as an unsecured creditor holding a claim in the amount of $249,085. They received a discharge on October 21, 2009.

Following the close of their Chapter 7 case, several IRS employees including, Tim Sherrill, Bart Brellenthin, G.J. Carter-Louis, V.A. Ris, and Michael W. Cox (IRS employees), issued IRS levies and filed Notices of Federal Tax Liens with respect to the Debtors' federal tax debt.

---

[1]The Honorable Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

The Debtors filed their adversary proceeding, naming each IRS employee as a defendant. The complaint alleges that the IRS employees violated 26 U.S.C. § 7433 by issuing levies and filing the Notices of Federal Tax Liens. As a result, the Debtors seek actual and punitive damages.

The United States, believing itself to be the proper party defendant, filed a motion to dismiss. The Bankruptcy Court subsequently entered an order substituting the United States as the sole defendant, denying the Debtors' request for default judgment, and dismissing the Debtors' complaint. The Debtors timely appealed.

## STANDARD OF REVIEW

We review the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Wilson v. Walker (In re Walker)*, 528 B.R. 418, 427 (B.A.P. 8th Cir. 2015) (citing *Heide v. Juve (In re Juve)*, 761 F.3d 847, 851 (8th Cir.2014)). All three issues before us involve purely legal questions. Therefore, we exercise *de novo* review with respect to all three.

## DISCUSSION

## 1. Substitution of the United States was Proper because the United States is the Proper Party Defendant

In general, a private litigant may not sue the United States or any of its officers and employees without a waiver of sovereign immunity. *United States v. Nordic Vill. Inc.,* 503 U.S. 30, 33-34(1992). Section 7433 of the Internal Revenue Code provides such a waiver. It permits suits against the United States only:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service

3

recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the *United States* ... (emphasis added).

26 U.S.C. § 7433(a).

Individual federal employees may not be sued for actions taken in the performance of their official duties. *See Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000) (collecting cases). Sovereign immunity still applies in such cases. *Id*. As a result, the Debtors may not bring suit against the IRS employees under § 7433 because the actions that the Debtors allege violated § 7433–the issuance of levies and filing of notices of federal tax liens–were performed in the IRS employees' official capacities as tax collectors.

The issuance of levies and the filing of notices of federal tax liens are actions to collect federal tax debt. "Official-capacity suits typically involve either allegedly unconstitutional state policies or unconstitutional actions taken by state agents possessing final authority over a particular decision." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Actions to collect federal tax debt do not fit either description. Indeed, it is difficult to imagine what actions would be included in the IRS employees' official duties if not the ones at issue here. We conclude that the claims brought against the IRS employees are barred by sovereign immunity because the employees were acting in their official capacities. As a result, the United States is the proper party defendant and substitution of the United States for the IRS employees as the party defendant was proper.

**2. <u>The Debtors were not Entitled to Default Judgment</u>**

The Debtors argue that they are entitled to default judgment against either the IRS employees or the United States. Default judgment is appropriate "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise..." Fed. R. Civ. P. 55(a); Fed. R. Bankr. P. 7055. Default judgment may only be entered against the United States, its officers, or its agencies "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d); Fed. R. Bankr. P. 7055.

The Debtors are not entitled to default judgment against the IRS employees or the United States. Since the IRS employees were not the proper party defendants, an entry of default judgment against the IRS employees would be inappropriate under Rule 7055 because they are not parties to this proceeding and the Debtors have no right to relief. An entry of default judgment against the United States is improper as well. The United States did not fail "to plead or otherwise defend" its position because it timely entered its appearance before the Bankruptcy Court. Under the circumstances, therefore, denial of default judgment against the IRS employees and the United States was appropriate.

**3. Dismissal was Proper because the Debtors Lack Standing to Bring an Action Under 26 U.S.C. § 7433 and 11 U.S.C. § 524**

The Debtors may not bring an action for damages under § 7433 because they have failed to exhaust their administrative remedies. 26 U.S.C. § 7433(d). Section 7433(b)(1) permits recovery of actual damages and costs when a violation occurs. A bankruptcy court may also award damages for willful violations of the automatic stay under 11 U.S.C. § 362 and the discharge injunction under 11 U.S.C. § 524 committed by employees of the IRS. 26 U.S.C. § 7433(e)(1). However, a bankruptcy court may not award punitive damages. 11 U.S.C. § 106(a)(3). Importantly, actual damages may not be awarded unless "the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d).

5

The procedure a litigant must follow in order to exhaust their remedies under § 7433(d) for violations of the bankruptcy discharge under 11 U.S.C. § 524 is enumerated in 26 CFR 301.7430-1 and 301.7433-2(e). A litigant must file a written administrative claim for damages or for relief with the Chief, Local Insolvency Unit for the corresponding judicial district in which the bankruptcy petition was filed. *Id*. Such claim must contain the taxpayer's name, taxpayer identification number, current address, current home and work telephone numbers, the location of the bankruptcy court in which the underlying bankruptcy case was filed, the case number of the bankruptcy case in which the violation occurred, a description of the violation and injuries, the dollar amount of the injuries, and the signature of the taxpayer or the taxpayer's representative. 26 CFR 301.7433-2(e). The taxpayer must then wait until the earlier of six months or the date on which the IRS has rendered a decision on the claim.

The Debtors have failed to do so. The Bankruptcy Court determined that the Debtors had not filed an administrative claim for damages with the IRS. Therefore, they may not bring an action for damages under § 7433. And, even if the Debtors did have standing to bring a claim for actual damages under § 7433(b), their request for punitive damages would be denied as such damages are unavailable as a matter of law. 11 U.S.C. § 106(a)(3). Consequently, we must affirm the dismissal of the Debtors' complaint. If the Debtors wish to sue the government for violations of the bankruptcy discharge under 11 U.S.C. § 524, they must first exhaust their administrative remedies.

## CONCLUSION

For the reasons stated, we affirm the Bankruptcy Court's order dismissing the Debtors' complaint and substituting the United States as the sole defendant.

6