**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

Nos. 96-2921 and 96-3062
_____

Ronald M. Murphy,                           *
                                            *
    Plaintiff - Appellee/              *
    Cross-Appellant.                  *
                                            *
    v.                                *
                                            *  Appeal from the United States
State of Arkansas; Ark. Employment          *                         District
Court for the
Security Department; Ark. Department         *                         Eastern
District of Arkansas.
of Finance and Administration; Phil          *
Price; William D. Gaddy; Bob Morgan;         *
Larry Hiett; Hugh Havens; Richard           *
Weiss; Artee Williams,                       *
                                            *
    Defendants - Appellants/          *
    Cross-Appellees.                  *

_____

Submitted:  May 23, 1997
   Filed:   October 15, 1997
_____

Before BEAM, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
    Circuit Judge.

_____

LOKEN, Circuit Judge.

    Former Arkansas employee Ronald M. Murphy commenced this action
seeking equitable relief and damages from the State of Arkansas, two state
agencies, and seven

state officials. Murphy alleged that he was wrongfully terminated by the Arkansas Employment Security Department on account of his race and age in violation of Title VII and the Age Discrimination in Employment Act. He asserted claims under 42 U.S.C. § 1983 for violations of his First Amendment, due process, and equal protection rights. He also asserted pendent state law claims under the Arkansas Civil Rights Act and for libel, tortious interference with contract, outrage, and wrongful discharge. At the close of discovery, the district court[1] granted defendants' motion for summary judgment dismissing all of Murphy's claims. Murphy then filed a motion to reconsider, and the court reinstated his § 1983 equal protection claims and his pendent claims under the Arkansas Civil Rights Act. Defendants appeal this partial denial of summary judgment, arguing they are entitled to Eleventh Amendment and qualified immunity. Murphy cross-appeals the dismissal of his remaining claims. We affirm in part the denial of summary judgment and dismiss the cross-appeal for lack of jurisdiction.

## I.  Jurisdiction Issues.

After defendants moved for summary judgment, the district court entered an order dismissing the Title VII and ADEA claims as time-barred and dismissing all the pendent claims without prejudice. The district court's docket sheet records this May 9, 1996, order as "terminating [the] case," making it a final order for appeal purposes. See Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995). Recognizing that his entire lawsuit was thus in jeopardy, Murphy filed a timely motion to alter or amend the judgment, pointing out to the district court that its May 9 order did not address his § 1983 claims. Responding to that motion, the district court issued a June 19 order rejecting defendants' claim of Eleventh Amendment immunity and reinstating Murphy's § 1983 equal protection claims on the ground that defendants are not entitled to summary judgment dismissing those claims on qualified immunity grounds. The court

---

[1]THE HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

-2-

also reinstated pendent state law claims under the Arkansas Civil Rights Act "[a]s a matter of judicial economy," a ruling not at issue on appeal. Defendants appealed the district court's Eleventh Amendment and qualified immunity rulings, and Murphy filed a cross-appeal from the May 9 order. Both sides raise jurisdictional issues.

**A.** We agree with defendants that we lack jurisdiction over Murphy's cross-appeal.[2] The May 9 order was an appealable final order. However, by reinstating some of Murphy's claims, the June 19 order changed the essential nature of the May 9 order. The combined effect of *both* orders is a non-appealable grant of partial summary judgment dismissing some of Murphy's claims. We have jurisdiction over defendants' appeal only if it is a proper interlocutory appeal of the Eleventh Amendment and qualified immunity rulings. We have jurisdiction over Murphy's cross-appeal only if it is properly pendent to the interlocutory appeal, that is, if the cross-appeal issues are "inextricably intertwined" with the issues of Eleventh Amendment and qualified immunity. See Swint v. Chambers County Comm'n, 115 S. Ct. 1203, 1212 (1995); Kincade v. City of Blue Springs, 64 F.3d 389, 394 (8th Cir. 1995), cert. denied, 116 S. Ct. 1565 (1996). In the cross-appeal, Murphy argues that his Title VII and ADEA claims were improperly dismissed as time-barred and that his remaining

---

[2]We reject defendants' contention that the cross-appeal is untimely. Murphy's motion to alter or amend the May 9 order suspended the time to appeal that order until 30 days after the district court disposed of the motion. See Fed. R. App. P. 4(a)(4). When the district court disposed of the motion by its June 19 order, defendants filed a timely interlocutory appeal from that order on July 15. Murphy's July 29 cross-appeal was timely because it was filed within 14 days of defendants' appeal. See Fed. R. App. P. (4)(a)(3). Defendants argue that the cross-appeal is untimely because Rule 4(a)(3) is limited to a cross-appeal from an unfavorable part of the judgment or order initially appealed. However, the language of Rule 4(a)(3) is not so limited -- "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days" -- and we agree with courts that have declined to interpret the Rule so restrictively. See Bridgestone/Firestone, Inc. v. Local Union No. 998, 4 F.3d 918, 923-24 (10th Cir. 1993).

pendent claims should be reinstated. These issues are not in the least bit intertwined with issues of Eleventh Amendment and qualified immunity. Therefore, the cross-appeal must be dismissed for lack of jurisdiction. See Erickson v. Holloway, 77 F.3d 1078, 1081 (8th Cir. 1996).

**B.** Relying on Johnson v. Jones, 115 S. Ct. 2151, 2156-57 (1995), Murphy argues that we lack jurisdiction to review the district court's interlocutory qualified immunity ruling because it was based upon a genuine issue of material fact, namely, whether defendants discriminated against Murphy on account of his race. However, even if the underlying claims raise genuine issues of material fact, we have interlocutory jurisdiction to consider the primary qualified immunity issue of law -- "whether, in view of the facts that the district court deemed sufficiently supported for summary judgment purposes, the individual defendants' conduct was objectively reasonable given their knowledge and the clearly established law." Waddell v. Forney 108 F.3d 889, 890 (8th Cir. 1997); see Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996).

## II. Eleventh Amendment Immunity.

Defendants argue that the district court erred in concluding that Murphy's § 1983 claims are not barred by the Eleventh Amendment. This is an issue that may be raised by interlocutory appeal under the collateral order doctrine. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993). We agree in part with defendants' contention.

First, it is well settled that the Eleventh Amendment bars Murphy's § 1983 claims against the State of Arkansas and its two agencies, the Employment Security Department and the Department of Finance and Administration. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978). Thus, the district court erred in reinstating the § 1983 equal protection claims against these defendants.

Second, § 1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not "persons" for § 1983 purposes. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, Murphy's § 1983 equal protection claims also seek equitable relief such as reinstatement as a state employee. State officials acting in their official capacities are § 1983 "persons" when sued for prospective relief, and the Eleventh Amendment does not bar such relief. See Treleven v. University of Minn., 73 F.3d 816, 819 (8th Cir. 1996). Thus, the district court should have reinstated only Murphy's § 1983 equal protection claims for prospective relief against the individual defendants acting in their official capacities.

Third, the Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities. However, absent a clear statement that officials are being sued in their personal capacities, "we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995). Murphy's initial complaint contained no such clear statement. Therefore, the individual defendants contended in their motion for summary judgment that the Eleventh Amendment totally bars Murphy's damage claims. Murphy responded by filing a motion for leave to amend his complaint to assert personal capacity claims.

Without ruling on the motion to amend, the district court denied the individual defendants summary judgment on Eleventh Amendment grounds because "defendants cannot seriously argue that they had no notice that they were sued in [their] individual capacities." However, we do not require that personal capacity claims be clearly-pleaded simply to ensure adequate notice to defendants. We also strictly enforce this pleading requirement because "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989); see Wells v. Brown, 891 F.2d 591, 593 (6th Cir. 1989). Although other circuits have adopted a more lenient pleading rule, see Biggs v. Meadows, 66 F.3d 56, 59–60 (4th Cir. 1995), we believe that our rule is more

consistent with the Supreme Court's Eleventh Amendment jurisprudence.  In any event, we are bound by Egerdahl and Nix.

Though the district court erred in excusing Murphy's failure to clearly assert personal capacity claims in his initial complaint, that does not resolve the issue.  When defendants sought summary judgment on this ground, Murphy moved to amend his complaint.  The district court has not ruled on that motion, which is committed to its sound discretion.  See Nix, 879 F.2d at 433, n.3.  Given the district court's conclusion that defendants had sufficient notice they were being sued in their personal capacities, we are confident that the district court would grant Murphy leave to amend the complaint to state personal-capacity equal protection claims if we remanded for consideration of that issue.  And given the liberality of Fed. R. Civ. P. 15(a) regarding amendments, granting such leave to amend would not abuse the court's discretion.  See, e.g., Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).  Thus, we deem the complaint amended and affirm this portion of the district court's Eleventh Amendment ruling.  Cf. Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1978).

## III.  Qualified Immunity.

The individual defendants argue that the district court erred in denying their motion for summary judgment on qualified immunity grounds. State officials are shielded from § 1983 damage liability if their conduct did not violate clearly established constitutional rights of which a reasonable official would have known.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A right is clearly established, for qualified immunity purposes, if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).

The district court denied defendants summary judgment on Murphy's § 1983 equal protection claim because "[t]hey are accused of discriminating against [Murphy]

-6-

on the basis of his race and treating him differently than similarly situated white employees. The law regarding such conduct was, of course, well established in October 1993, when [Murphy] was terminated." We agree. Unlike Murphy's rather preposterous First Amendment and procedural due process claims, which the district court did not reinstate, it has been clearly established for many years that the Equal Protection Clause prohibits a State, when acting as employer, "from invidiously discriminating between individuals or groups" based upon race. Washington v. Davis, 426 U.S. 229, 239 (1976). The individual defendants argue they had objectively reasonable reasons to terminate Murphy. But the relevant question at this stage of the litigation is whether the facts of record viewed in the light most favorable to Murphy could be found to constitute a violation of his clearly established equal protection rights. Murphy submitted affidavits to the district court containing reasonably specific allegations of racially discriminatory conduct and of preferential treatment of white employees and job applicants. On this record, we agree with the district court that the individual defendants are not entitled to summary judgment dismissing Murphy's § 1983 equal protection damage claims on qualified immunity grounds.

## IV. Conclusion.

The district court properly denied the individual defendants summary judgment dismissing Murphy's § 1983 equal protection claims on qualified and Eleventh Amendment immunity grounds. Accordingly, the court's order reinstating equal protection claims against the individual defendants (i) acting in their personal capacities, and (ii) acting in their official capacities insofar as prospective relief is sought, is affirmed. The court should dismiss those equal protection claims against the State of Arkansas, the Employment Security Department, and the Department of Finance and Administration, and the damage claims against the individual defendants acting in their official capacities, as barred by Eleventh Amendment immunity. Murphy's cross-appeal (No. 96-3062) is dismissed for lack of jurisdiction. The case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.