Steven WEDEMEIER, Appellee,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellants.

James OLIN, Appellee,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellants.

Kyle MUELLER, Appellee,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellants.

Jeffrey CHILTON, Appellee,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellants.

Jeffrey CHILTON, Appellant,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellees.

Kyle MUELLER, Appellant,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellees.

James OLIN, Appellant,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellees.

Steve WEDEMEIER, Appellant,

v.

CITY OF BALLWIN, MISSOURI, a Municipal Corporation, William Spencer, David Wangrow, Appellees.

Nos. 89-3068 to 89-3071, 90-1452.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.

Decided April 23, 1991.

John F. Cowling, St. Louis, Mo., for appellant.

Alen E. DeWoskin, St. Louis, Mo., for appellees.

Before ARNOLD and FAGG, Circuit Judges, and WATERS,* District Judge.

FAGG, Circuit Judge.

Steven Wedemeier, James Olin, Kyle Mueller, and Jeffrey Chilton (the young men) brought this civil rights action under 42 U.S.C. § 1983 against the City of Ballwin, Missouri, and three Ballwin police officers after the officers mistook the young men for burglary suspects and arrested them. The jury found two of the officers violated the young men's constitutional rights in arresting them without probable cause and using excessive force during the arrest. The jury found the city liable for the officers' unconstitutional acts on the ground the city had a policy or custom causing its police officers to arrest suspected criminals without probable cause and to use excessive force when apprehending them. The district court did not submit the case to the jury on a failure-to-train theory. After trial, the district court awarded the young men their attorney's fees under 42 U.S.C. § 1988, and costs, including expert witness fees, under 28 U.S.C. §§ 1821(b), 1920(3). The city appeals the district court's denial of its motion for judgment notwithstanding the verdict (JNOV) on the issue of municipal liability, and the young men appeal the amount of attorney's fees

---

* The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas, sitting by designation.

and costs awarded. The officers do not appeal. We reverse in part, affirm in part, and remand to the district court for further proceedings.

First, we address the city's appeal. The city contends the district court should have granted its motion for JNOV because the young men presented no evidence the city had a policy or custom that caused its police officers to arrest the young men without probable cause or to use excessive force in their apprehension. We agree.

 It is well established that a municipality cannot be held vicariously liable under 42 U.S.C. § 1983 for its employees' unconstitutional acts. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). When a municipal policy or custom is the moving force behind a constitutional violation, however, municipal liability attaches. *Id.* at 694, 98 S.Ct. at 2037. Generally, an isolated incident of police misconduct by subordinate officers is insufficient to establish municipal policy or custom. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (plurality); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir.1985); *Powell v. Gardner*, 891 F.2d 1039, 1045 (2d Cir.1989). By the same token, a single deviation from a written, official policy does not prove a conflicting custom or usage. *Williams–El v. Johnson*, 872 F.2d 224, 230 (8th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 85, 107 L.Ed.2d 51; —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989).

 Viewing the record in the light most favorable to the young men, there is no evidence of municipal policy or custom independent of the officers' misconduct. The only official policy the young men identified is a police policy forbidding the use of excessive force when arresting suspects. The young men do not assert this policy is constitutionally deficient. In addition, they presented no evidence of other incidents in which city police officers arrested suspects without probable cause or used excessive force. In short, the young men proved nothing more than an isolated episode of police misconduct by two subordinate officers.

We cannot infer the existence of an unconstitutional city policy, or custom conflicting with the official policy, from this single occurrence. *Tuttle*, 471 U.S. at 821, 105 S.Ct. at 2435 (plurality), 830–31, 105 S.Ct. at 2440 (Brennan, J., concurring); *Williams–El*, 872 F.2d at 230. Indeed, the city's official policy was not ignored—the police chief found the officers violated the policy and disciplined them. Because no evidence supported the submission of the municipal liability issue to the jury on the theory the officers were carrying out a city policy or custom, we conclude the district court committed error in refusing to grant the city's motion for JNOV.

 We now turn to the young men's appeal. The young men contend the district court abused its discretion in determining the amount of their attorney's fees. After calculating the lodestar using figures provided by the young men's attorney, the district court adjusted the fee downward, including an adjustment reflecting the limited degree of success achieved. *See generally Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We conclude the district court did not abuse its discretion in exercising its equitable judgment to adjust the fee. Having reversed the judgment against the city, however, we must remand to the district court for reconsideration of the fee award in light of the young men's further limited success. In so doing, we also reject the young men's contention the district court abused its discretion in denying enhancement of the fee based on the risk involved and the results obtained. *See generally Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (plurality); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

 The young men next contend the district court abused its discretion in disallowing expert witness fees in excess of $30 per day. *See* 28 U.S.C. §§ 1821(b), 1920(3) (1988); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct.

2494, 2499, 96 L.Ed.2d 385 (1987). They assert the entire expense for services their experts rendered may be shifted to the city as a part of "a reasonable attorney's fee" under 42 U.S.C. § 1988. *See Crawford,* 482 U.S. at 445, 107 S.Ct. at 2499 (Blackmun, J., concurring); *id.* at 446 n. 1, 107 S.Ct. at 2500 n. 1 (Marshall, J., dissenting). The Supreme Court's contrary holding in *West Virginia University Hospitals, Inc. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 1148, 113 L.Ed.2d 68 (1991), forecloses this argument. The young men also argue the district court improperly disallowed other costs not included in the bill of costs. We conclude, however, the district court did not abuse its discretion in assessing costs.

In summary, we: (1) reverse the district court's ruling denying the city's motion for JNOV and remand with directions to enter judgment in the city's favor; (2) remand the young men's motion for attorney's fees to the district court for reconsideration; and (3) affirm the district court's award of costs, including expert witness fees.