# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3522

———————

Duane Joseph Smith,                    *
                                       *
            Appellee,                  *
                                       *
    v.                                 *   Appeal from the United States
                                       *   District Court for the Southern
Thomas E. Hundley; Paul Hedgepeth;     *   District of Iowa.
James G. Helling; Vande Krol,          *
as Chaplain,                           *
                                       *
            Appellants.                *

———————

Submitted:  May 12, 1999

Filed:  September 3, 1999

———————

Before BEAM, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

———————

BEAM, Circuit Judge.

Inmate Duane Joseph Smith brought this 42 U.S.C. § 1983 action against prison officials[1] at the Iowa State Penitentiary (defendants) and the Iowa State Penitentiary

---

[1]Thomas Hundley died before time of trial. The district court opinion noted that Hedgepeth was being substituted for him in his official capacity under Federal Rule of Civil Procedure 25, as well as being named in his individual capacity as Deputy

(ISP)[2] seeking injunctive and declaratory relief on the grounds that defendants violated his First Amendment rights by denying him items for the practice of his Seax-Wicca faith. Following a trial before a magistrate judge,[3] Smith's claim for injunctive relief was denied on the ground that Smith was no longer incarcerated at ISP. However, the magistrate judge granted declaratory relief. On appeal, defendants assert that Smith's transfer mooted his case, including his request for declaratory relief, or in the alternative, their actions did not violate Smith's First Amendment rights. We agree that Smith's case is moot and vacate the judgment.

## I.    BACKGROUND

While confined at ISP, a maximum security prison, Smith made several requests to purchase items that he claims were necessary for the practice of his Seax-Wicca

---

Warden.

[2]In its initial review orders, the district court dismissed Smith's claim against ISP on the grounds that the Eleventh Amendment shielded ISP, an agency of the State of Iowa, from suit in federal court. With regard to the individual defendants, we note that although it is not entirely clear whether they are being sued in their individual or official capacities or both, the section 1983 action would be viable in any event because only injunctive and declaratory relief is sought. See Rose v. Nebraska, 748 F.2d 1258, 1262 (8th Cir. 1984) (suits for declaratory and injunctive relief against state officials in official capacities are not barred by the Eleventh Amendment).

[3]Pursuant to 28 U.S.C. § 636(c), the parties consented to try the matter before a United States Magistrate Judge.

faith.[4]  Defendants denied his requests.[5]  Smith then filed this section 1983 action seeking injunctive and declaratory relief.  A few weeks prior to trial, Smith was transferred from ISP to Anamosa State Penitentiary in Anamosa, Iowa (ASP).

At trial, defendants testified that Smith's requests were denied because the items were not on ISP's personal property list of items allowed for in-cell possession. Furthermore, defendants asserted that there were legitimate security, safety, and health concerns for denying the in-cell use of all these items.  Defendants  also argued that Smith's transfer from ISP to ASP mooted his claims for relief.  Smith testified that prison officials had refused to grant his requests for the items, but that inmates of other religious denominations had been allowed to use similar items in the prison chapel.[6]

The magistrate judge's opinion noted that under Turner v. Safley, 482 U.S. 78, 89 (1987), a prison regulation that burdens an inmate's constitutional rights is nevertheless valid if the regulation is reasonably related to legitimate penological interests.  The magistrate judge then concluded that because the evidence showed that Smith never requested possession of the items *solely* in his cell, defendants' denial of the items based only on concerns regarding in-cell possession did not satisfy the Turner standard, especially when other inmates had access to similar items in the prison

---

[4]Wicca, a form of witchcraft, is centered around nature-oriented practices derived from pre-Christian religions.  See Random House Webster's Unabridged Dictionary 2172 (2d ed. 1997).  Smith is a practitioner of the Seax (or Saxon) sect of Wicca.

[5]The items requested by Smith included: a ritual robe, rune set, tarot cards, altar cloth,  pentacle, silk cords, censer and incense, candles and candle holder, herbs and oils, wooden wand, brass bowl and cup, god and goddess statues, and a small bell.

[6]Use of items in the chapel is supervised by chaplains, consultants, or correctional officers.  The items are inventoried and stored in a locked box and taken out only for use in religious services.

chapel. The magistrate judge also found that Smith's case was not moot because it was "capable-of-repetition-yet-evading-review." Specifically, the magistrate judge noted that Smith had previously been transferred from ASP to ISP in 1991, that he had a history of disciplinary problems, and that twenty years remained of his sentence. The magistrate judge then concluded that based on the record: "Smith faces a reasonable prospect of being transferred back to ISP sometime during the next 20 years due to disciplinary problems, or for protection from other inmates." Because Smith had been transferred from ISP, the magistrate judge found that prospective injunctive relief would not be appropriate. However, she granted declaratory judgment that Smith's First Amendment rights had been violated.

## II.    DISCUSSION

On appeal, defendants renew their argument that Smith's transfer mooted his case and therefore declaratory relief is inappropriate.[7] Alternatively, they assert that they did not violate Smith's First Amendment rights because: (1) Smith has failed to present evidence that the requested items were necessary for the practice of his religion; and (2) their actions were based on prison regulations that are reasonably related to penological interests regarding the in-cell use of items. Smith argues that the case is not moot. He further argues that his requests were not limited to in-cell possession, and that defendants should have allowed him use of the requested items in the prison chapel

---

[7]Defendants argue that declaratory relief is also inappropriate because Smith never specifically requested it in his complaint, only injunctive relief. We find that even if some ambiguity can be found in the complaint, its request for "such other and further relief as the Court may deem just and proper" coupled with the fact that it is a pro se complaint permits us, under a liberal construction of the pleadings, to preliminarily consider the issue. See Miles v. Ertl Co., 722 F.2d 434, 434 (8th Cir. 1983) (pro se pleadings must be liberally construed); see also Fed. R. Civ. P. 8(f) ("all pleadings shall be so construed as to do substantial justice").

-4-

when other inmates were allowed similar items for chapel use. Defendants counter that they were unaware that Smith wanted these items anywhere but in his cell.

Before we reach the substantive merits of Smith's First Amendment claim, we must first address defendants' contention that the magistrate judge erred in issuing declaratory relief because Smith's case was moot. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992) (a federal court has no authority to give opinions upon moot questions).

We agree that Smith's transfer from ISP to ASP a few weeks prior to his trial rendered his case moot. We held in Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), that an inmate's claims for declaratory and injunctive relief to improve prison conditions were moot when he was transferred to another facility and was no longer subject to those conditions. See also Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (same). Similarly, Smith was transferred to ASP, and he is no longer subject to the alleged unlawful policies or conduct of ISP officials. Therefore, we find Smith's claims for relief to be moot. Cf. Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (the question for determining whether a request for declaratory relief has become moot is whether the facts alleged show a substantial controversy "*of sufficient immediacy and reality to warrant the issuance of a declaratory judgment*").

We do not agree with Smith's assertion that because he is likely to be subject to the same conditions at ISP again, his case falls within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine. This exception applies where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. See Hickman, 144 F.3d at 1142-43. Furthermore, the doctrine applies only in exceptional situations. See City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983); Hickman, 144 F.3d at 1142. In his

brief, Smith asserts that he has been transferred from ASP to ISP before, and, being subject to the whims of the Iowa Department of Corrections, "can return to the Iowa State Penitentiary at any time." We find Smith's theory of retransfer to ISP to be too speculative a basis for declaratory relief. There is no indication in the record that Smith is likely to be sent back to ISP. In fact, at argument, it was stated that Smith has now been transferred from ASP, a medium/maximum security prison, to a medium security prison in Newton, Iowa. Nor, do we do think that the mere possibility of transfer to another prison within the Iowa correctional system, of which ISP is one, is sufficient to bring Smith's claim within the narrow exception to the mootness doctrine. See Preiser, 422 U.S. at 402-03 (allegations of a likely transfer may not be based on mere speculation); Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996) (same). And while this court might entertain jurisdiction over Smith's claim if there was evidence of efforts on the part of defendants to evade the jurisdiction of the court by transferring prisoners, the record provides no support of such subterfuge in this instance.

Because we find that Smith's transfer moots his section 1983 suit against defendants, we do not reach the merits of Smith's First Amendment claim.

## III.    CONCLUSION

Accordingly, we vacate the judgment of the district court and remand with directions to dismiss the case as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-