# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1876

_____

Henry Rollie,                                                 *
                                                             *
            Appellant,                                        *
                                                             *
Curtis Stewart; Demetrius Herndon;                           *
Mark Harris-El; Carl Turner; James                           *
Howard; Russell Rhone; Preston Leroy                         *
Smith; Kenneth D. Outley; Richard                            *
Scott; Joseph Garner; Deshawn                                *
Johnson; Stanford Morris; Damon                              *
Caine; Brian Bohle; Rocky LaChance;                          *
Felix D. Smith; Walter Eden; Jimmey                          *
Holly; Byron Webster; Anthony Lyles;                         *
Earl Thomas; David Bradley,                                  *
                                                             *
            Plaintiffs,                                       *    Appeal from the United States
                                                             *    District Court for the
            v.                                                *    Western District of Missouri.
                                                             *
Michael Kemna; Jean Ann Johnson;                             *    [UNPUBLISHED]
Brewer; Clarence Denzer; Daniel                              *
Greene; Steve Lakey; Lora Carr;                              *
Alysia Dale; Gary Grant; Michael G.                          *
Short; Daniel Tolle; Rebecca Holt;                           *
Marilyn Love; Jean Yount; Kevin                              *
McGinley; Tom Clements; George                               *
Lombardi; Gary Kempker,                                      *
                                                             *
            Appellees.                                        *

_____

Submitted:  December 21, 2004
Filed:    February 25, 2005 (corrected 3/1/05)
_____

Before WOLLMAN, McMILLIAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
_____

PER CURIAM.

Henry Rollie, an inmate of the Missouri Department of Correctional Services incarcerated in the Crossroads Correctional Center (CRCC), appeals following the district court's dismissal of his civil complaint.  We reverse and remand.

## I.

In August 2002, Henry Rollie and twenty-two other prisoners filed a 42 U.S.C. § 1983 complaint seeking damages and injunctive relief against eighteen named defendants, mostly prison officials.  As relevant, plaintiffs alleged that while they were being held in the segregation unit, fourteen defendants[1] permitted "disciplinary double celling" of maximum security prisoners with other prisoners:  no distinction was made among those in temporary administrative segregation, disciplinary segregation, and administrative segregation (AS).  This double-celling subjected prisoners to assaults, rapes, and fights, all of which went undetected due to the use of "solid and soundproof boxcar doors."  The fourteen defendants at issue, "through functionaries," knew double-celling in the segregation unit caused fights, assaults, and rapes, and they falsified temporary AS confinement forms to cover up the

_____

[1]Gary Kempker, George A. Lombardi, Tom Clements, Michael Kemna, Jean Ann Johnson, Clarence Denzer, Steve Brewer, Steve Lakey, Daniel Greene, Lora Carr, Gary Grant, Michael Short, Daniel Tolle, and Kevin McGinley.

unauthorized double-celling. Plaintiffs made further allegations regarding use of law clerks, problems with hygiene and time allowed for recreation, and interference with prison mail.

Rollie in particular sought a temporary restraining order (TRO) against double-celling and the use of boxcar doors, and class certification for all current prisoners who had been in segregation. The district court granted provisional in forma pauperis (IFP) status but dismissed the case without prejudice for failure to exhaust administrative remedies. Rollie moved for reconsideration of class certification and a TRO, and filed an amended complaint. In the complaint, Rollie indicated defendants were being sued only in their official capacities, except for Daniel Greene, Steve Lakey, Gary Grant, Michael Short, Daniel Tolle, and Clarence Denzer, who were also being sued in their individual capacities. Rollie also alleged that after he complained about double-celling, Denzer retaliated by extending Rollie's sentence in solitary confinement from six months to one year, and Tolle, Grant, and Short retaliated by issuing conduct-violation reports against Rollie. Rollie claimed he had exhausted his administrative remedies.

The district court reopened the case, agreeing that Rollie had exhausted administrative remedies, and granted leave to file the amended complaint. Thirteen defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or for judgment on the pleadings, and opposed the motions for class certification and a TRO. In an affidavit accompanying defendants' opposition to a TRO, Michael Kemna attested that inmates assigned to CRCC are violent offenders who have been unable to adjust to prison discipline in other institutions, or are recidivists with sentences of two years or longer; and inmates in AS are more restricted than those in general population. In one of the AS housing units, two inmates are assigned to each cell, and the cells are solid-walled with a solid steel door, which has a food passage and an observation window. In opposition to class certification, defendants argued Rollie had failed to allege that a large number of inmates had complaints about prison

conditions and that relief could not be sought on an individual basis, and had failed to show that there was an issue common to all inmates, that the issues presented were typical of the claims of the class, and that he was an adequate class representative.

The district court denied Rollie's motions for reconsideration of class certification and a TRO and severed and dismissed the thirteen defendants who had moved for dismissal. The court concluded Rollie had failed to state an Eighth Amendment violation because he had not alleged serious deprivations of "light, heat, ventilation, sanitation, clothing [or] a proper diet," or that defendants intended to deliberately disregard his health and safety. Further, Rollie did not allege any instance where defendants failed to protect him, individually; and he was not denied access to the courts as he had successfully filed numerous complaints such as the instant one. The court did not address Rollie's retaliation claims.

The remaining five defendants moved to dismiss, and Rollie moved for leave to file a second amended complaint. Rollie also moved to recuse the district court judge on the basis that the judge did not understand his claims. The district court denied Rollie's motion to amend because the five remaining defendants had already filed answers, Rollie had not provided any "new evidence" or shown that the proposed new defendants committed a constitutional violation, and he had simply incorporated paragraphs from his earlier amended complaint without adding new information. The court then dismissed the remaining defendants, and dismissed the case with prejudice, for the reasons stated in its earlier dismissal order. Rollie moved for reconsideration, essentially arguing that the court did not give him adequate opportunity to develop the record, but the court denied his motion as out of time and as lacking a sufficient basis for reconsideration.

-4-

Rollie[2] timely appeals "all orders denying motions" and "all orders of dismissal." We grant Rollie IFP status, leaving the collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

Initially, we find that Rollie may seek damages only from Greene, Lakey, Grant, Short, Tolle, and Denzer, because these are the only defendants against whom he brought individual-capacity claims, but he may proceed against all defendants for injunctive relief. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996) (suits brought under Ex parte Young, 209 U.S. 123 (1908), against state officials may proceed notwithstanding Eleventh Amendment where plaintiffs seek prospective injunctive relief to end continuing federal law violations); Nix v. Norman, 879 F.2d 429, 433 n.3 (8th Cir. 1989) (suits seeking damages from state officials in their individual capacities are not barred by Eleventh Amendment).

We conclude that Rollie stated a failure-to-protect claim, see Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998) (Rule 12(b)(6) dismissals are reviewed de novo), as he alleged defendants knew of the assaults caused by double-celling yet did nothing, and even falsified reports to cover up unauthorized double-celling, see Nei v. Dooley, 372 F.3d 1003, 1006 (8th Cir. 2004) (per curiam) (to prevail on Eighth Amendment failure-to-protect claim, inmates must show they are incarcerated under conditions posing substantial risk of serious harm and prison officials subjectively knew of and disregarded that safety risk); Hott v. Hennepin County, 260 F.3d 901, 906 (8th Cir. 2001) (for purposes of failure-to-protect claims, it does not matter whether prisoner faces excessive risk of attack for reasons personal to him or because all prisoners in his situation face such risk); cf. Jensen v. Clarke, 73 F.3d 808, 811 (8th Cir. 1996) (remanding so district court could

---

[2]Rollie is the only plaintiff involved with this appeal.

assess whether prison officials subjectively knew double-celling posed substantial risk of harm to prisoners' safety); see also Royal v. Kautzky, 375 F.3d 720, 724 (8th Cir. 2004) (factfinder may assess punitive damages in § 1983 action when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights of others). Because we are remanding on this claim, the district court should reconsider Rollie's request for a TRO.

We also conclude that Rollie stated a retaliation claim against Denzer, Tolle, Grant, and Short (sued in both their individual and official capacities), as Rollie alleged that these defendants took retaliatory measures against him after he complained about double-celling. See Madewell v. Roberts, 909 F.2d 1203, 1206 (8th Cir. 1990) (act in retaliation for exercising constitutionally protected right is actionable under § 1983 even if act, when taken for another reason, would have been proper); cf. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994) (threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).

We conclude, however, that the district court did not err in dismissing Rollie's remaining claims; that the court did not abuse its discretion in denying Rollie's requests for class certification, for leave to file a second amended complaint, and for reconsideration; and that Rollie's disagreement with the court's interpretation of his claims was not a proper basis for recusal. Cf. Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 611-12 (8th Cir. 1998) (recusal motion was properly denied where it was based on nothing more than previous adverse rulings), cert. denied, 525 U.S. 1154 (1999).

We note that defendants Alysia Dale, Rebecca Holt, Marilyn Love, and Jean Yount are not mentioned in reference to the retaliation or failure-to-protect claims.

Thus, as to these defendants, the judgment is affirmed.  As to all other defendants, we vacate the judgment and remand for further proceedings consistent with this opinion.

_____