# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3458

_____

| | | |
|---|---|---|
| David Wayne Allen, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Jay Winters, Sheriff, Pope County; | * | |
| Earn Duvball, Detective, Pope County; | * | [UNPUBLISHED] |
| Rodger Martan, Deputy, Pope County; | * | |
| David Gibbons, Prosecutor, Pope | * | |
| County, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 24, 2008
Filed: January 12, 2009

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

David Allen appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint. For the reasons stated, we reverse and remand to the district court, with instructions.

Allen alleged that while he was incarcerated in the Pope County Jail, he was denied medical care and his property was stolen. He sought damages.

On July 1, 2008, the district court ordered Allen to sign both the complaint and his application to proceed in forma pauperis within thirty days of the date of the order. The court advised Allen that failure to comply with the order would result in dismissal of his case without prejudice. Allen did not comply with the order and, on September 8, 2008, the district court dismissed the complaint, without prejudice. On September 18, 2008, Allen filed an application for leave to proceed in forma pauperis on appeal. Attached to the application was a notation that he did not receive notification of the district court order until August 20, 2008, because he had been transferred to the Calico Rock Unit of the Arkansas Department of Correction (ADC).

We review for abuse of discretion a district court's decision to dismiss a complaint under Federal Rules of Civil Procedure 41(b) for failure to comply with a court order for abuse of discretion. Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005). In determining whether the district court abused its discretion, the court uses a balancing test which focuses on "'the degree of egregious conduct which prompted the dismissal and, to a lesser extent the adverse impact of such conduct upon both the defendant and the administration of justice in the district court.'" Rodgers v. Curators of University of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998) (quoting Omaha Indian Tribe v. Tract I-Blackbird Bend Area, 933 F.2d 1462, 1568 (8th Cir. 1991)). The sanction imposed must be proportionate to the transgression. Id.

Following the dismissal of his case, Allen advised the district court in an attachment to his request to proceed in forma pauperis on appeal that he did not receive the order to sign his complaint until well after the deadline for doing so had passed because he had been transferred to a different prison within the ADC. Given Allen's pro se status and in light of the liberal construction afforded pro se pleadings, Smith v. Hundley, 190 F.3d 852, 855 n.7 (8th Cir. 1999), we conclude that the district court abused its discretion in dismissing the case and that it should have construed Allen's attachment to the September 18, 2008, filing as a Federal Rules of Civil

Procedure 60(b) motion for relief from the district court's order and allowed Allen the opportunity to explain further why he did not comply with the court's order.

Accordingly, we reverse the district court's judgment of dismissal and remand the matter to the district court with instructions to construe Allen's September 18, 2008, filing as including a Rule 60(b) motion for relief from judgment, and to allow Allen to explain further why he did not comply with the court's order.

_____