# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2309

_____

Rodney E. Bradley,

      Appellant,

v.

Lisa Looten, Parole Officer; Sgt. M.
Hanafusa, Corrections Officer; Doris
Falkenrath, State Worker; Louisa
Bolinger, State Worker; Scott
Lawrence, State Worker; Matt Sturm,
State Worker; George Lombardi, State
Worker,

      Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: October 7, 2011
Filed: February 8, 2012

_____

Before SMITH, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rodney Bradley appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action alleging prison officials violated his First Amendment rights. This court grants Bradley leave to proceed on appeal in forma pauperis, and affirms in part and reverses in part.

Bradley wrote a letter addressed to the supervisor of his institutional parole officer (IPO), in which he requested the assignment of a different IPO, and provided his reasons for the request. Based on negative comments about his IPO included in the letter, Bradley was found guilty of violating a prison rule prohibiting insulting behavior, although Bradley did not intend for his IPO to see the letter. As punishment for the rule violation, Bradley received an activity restriction and reprimand. He claimed that punishing him for the comments in his letter violated his First Amendment rights.

This court reviews de novo the district court's preservice dismissal. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). The dismissal of defendant George Lombardi was proper, because Bradley's complaint contained no allegations as to Lombardi's personal involvement in disciplining Bradley. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

This court concludes, however, that the First Amendment claims against the remaining defendants should not have been dismissed preservice. First, these claims were not barred by *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Heck v. Humphrey*, 512 U.S. 477 (1994), or *Edwards v. Balisok*, 520 U.S. 641 (1997). Bradley did not seek speedier release, and success on his section 1983 First Amendment claims would not necessarily imply the invalidity of his confinement or its duration. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (per curiam). Second, at this early stage of the litigation, Bradley's allegations that he wrote the letter for the purpose of requesting a different IPO, that he included the comments at issue to support his request, and that he did not intend for his IPO to see the comments were sufficient to plausibly state a claim that the disciplinary action violated his First Amendment rights. *See Iqbal*, 129 S. Ct. at 1949; *Leonard v. Nix*, 55 F.3d 370, 374 (8th Cir. 1995) ("a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate

penological objectives of the corrections system") (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)); *cf. Kaden v. Slykhuis*, 651 F.3d 966, 969 (8th Cir. 2011) (per curiam) (reversing preservice dismissal of First Amendment claim where allegations were sufficient to plausibly state section 1983 claim and suit was dismissed before defendant prison officials were required to answer or advance evidence of relationship between mail restriction and prison concerns).

This court affirms the dismissal of defendant Lombardi, reverses the dismissal of the claims against the remaining defendants, and remands for further proceedings consistent with this opinion.[1]

_____

_____

[1]This court notes that Bradley stated he was scheduled to be released on July 5, 2011; thus, his requests for a new parole review and revisions to the prison rule prohibiting insulting behavior are moot. *Cf. Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).