# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1180

_____

| | | |
|---|---|---|
| Warith T. A. Zajrael, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Greg Harmon, Warden, East Arkansas | * | |
| Regional Unit, ADC; Robert Jackson, | * | |
| Assistant Warden, East Arkansas | * | [PUBLISHED] |
| Regional Unit, ADC; Valerie | * | |
| Westbrook, Sgt., East Arkansas | * | |
| Regional Unit, ADC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 17, 2012
Filed: May 2, 2012

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.


Arkansas inmate Warith Zajrael sued officials of the Arkansas Department of Correction under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 *et seq.*, and 42 U.S.C. § 1983, alleging violations of his statutory and constitutional rights. He named as defendants three current or former employees of the East Arkansas Regional Unit ("EARU"): former

Warden Greg Harmon, Assistant Warden Randy Jackson, and Sergeant Valerie Westbrook. The district court[1] granted summary judgment for the defendants on the RLUIPA and § 1983 claims. Zajrael appeals, and we affirm.[2]

At the time of the incidents that led to this action, Zajrael was incarcerated at the EARU. In 2006, he was transferred to the Varner Super Maximum Unit, and he is now located there. Both facilities are administered by the Arkansas Department of Correction.

While an inmate at EARU, Zajrael was assigned to administrative segregation from September 2004 to January 2006. Following a stabbing incident at the prison, prison officials conducted two shakedowns of Zajrael's cell in August 2005 and confiscated over thirty books, many of which were spiritual or religious. Prison policy limited inmates in administrative segregation to two religious texts and four additional books of any kind. Zajrael, whose religious practice incorporates elements of Christianity, Islam, and Buddhism, alleges that correctional officers also seized a prayer cap, prayer rugs, thikr beads, and prayer oil from his cell. His amended complaint alleges that these actions by prison officials violated his rights to exercise his religion under RLUIPA and the First Amendment. He seeks damages and injunctive relief.

Because Zajrael's amended complaint does not specifically name the defendants in their individual capacities, we presume that he sued them only in their

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

[2]Zajrael also brought a state-law conversion claim, but he acknowledges that he must pursue this claim with the Arkansas State Claims Commission, and the claim is not a subject of this appeal.

official capacities. *Baker v. Chisom*, 501 F.3d 920, 923-24 (8th Cir. 2007); *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998). A suit against state employees in their official capacities is the functional equivalent of a suit against the State. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Section 1983 provides no cause of action against agents of the State acting in their official capacities, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), and sovereign immunity bars Zajrael's claim for damages under RLUIPA. *Sossamon v. Texas*, 131 S. Ct. 1651, 1658-60 (2011).

Zajrael's claim for injunctive relief under RLUIPA is moot. He complains about policies or practices at the EARU, but he was transferred out of that facility in 2006, and is now housed at the Varner facility. Because Zajrael is no longer subject to the policies that he challenges, there is no live case or controversy. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The exception to the mootness doctrine for claims capable of repetition yet evading review is not applicable, because Zajrael made no showing that a retransfer to the EARU is likely. *See City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983); *Smith*, 190 F.3d at 855. Although this court might exercise jurisdiction after a transfer if there were proof that officials moved an inmate for the purpose of mooting his claim, *see Smith*, 190 F.3d at 855, there is no evidence of such motivation in this case.

The judgment of the district court is affirmed.

_____