# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 13-1503

———————————————

Willie Blackmon

*Plaintiff - Appellant*

v.

George Lombardi; Scott Lawrence, Warden; Sandra Jimmerson, Assistant
Warden; Doris Falkenrath, FUM HU3; Brock Van Loo, FUM HU16; Mark
Himebrook, Laundry Manager; Alan Earls; Librarian of Algoa Correctional
Center; Ronald Luebbert

*Defendants - Appellees*

——————

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

——————

Submitted: July 7, 2013
Filed: August 21, 2013
[Unpublished]

——————

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

——————

PER CURIAM.

Missouri inmate Willie Blackmon appeals the preservice dismissal of his civil-
rights complaint. He claimed that defendants, all of whom were employees of Algoa

Correctional Center (ACC) or the Missouri Department of Corrections, violated his constitutional rights during his ongoing incarceration at ACC. We grant Blackmon's motion to proceed in forma pauperis. See Henderson v. Norris, 129 F.3d 481, 483-85 (8th Cir. 1997) (per curiam). Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), and considering Blackmon's pro se status and the early stage of this litigation, we hold for the following reasons that reversal in part is warranted, see Bradley v. Looten, 450 Fed. Appx. 558, 559 (8th Cir. 2012) (unpublished per curiam) (in reversing preservice dismissal of some of inmate's claims, noting early stage of litigation); Whitson v. Stone Cnty. Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (pro se complaint must be liberally construed).

We first conclude that Blackmon sufficiently alleged a First Amendment retaliation claim against defendants Brock Van Loo, Mark Himebrook, Ronald Luebbert, and Doris Falkenrath. He alleged that Van Loo threatened to place him in segregation if he filed more grievances, and that thirty minutes after he handed Van Loo a grievance appeal he was placed in the segregation unit. He further alleged that Himebrook threatened to harm him physically if he filed more grievances; and that Luebbert and Falkenrath participated in his placement in segregation. See Santiago v. Blair, 707 F.3d 984, 991-92 (8th Cir. 2013) (to state First Amendment retaliation claim, plaintiff must allege he engaged in protected activity, official took adverse action that would chill a person of ordinary firmness from continuing that activity, and adverse action was motivated in part by plaintiff's exercise of protected activity; filing prison grievance is protected First Amendment activity, and threat of serious physical harm is sufficient adverse action); Nelson v. Shuffman, 603 F.3d 439, 450 (8th Cir. 2010) (court found adverse action where plaintiff detainee was placed in isolation without access to mail, family, recreation, and phone calls).

Second, we conclude that Blackmon sufficiently alleged conditions-of-confinement claims against Falkenrath and defendant Scott Lawrence: his complaint

identified conditions in the segregation unit that could support an Eighth Amendment violation, alleged he had been subjected to them for over two months, and identified Falkenrath and Lawrence as being responsible for them. See, e.g., Day v. Norris, 219 Fed. Appx. 608, 610 (8th Cir. 2007) (unpublished per curiam) (reversing preservice dismissal because "[a]t this stage of the litigation," allegations of unsanitary food and lack of adequate nutrition supported conditions-of-confinement claim); Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989) (prisoner stated claim when he alleged he was placed in filthy cell, his requests for remedial measures were unheeded, and he was denied access to cleaning supplies); see also Beaulieu v. Ludeman, 690 F.3d 1017, 1045 (8th Cir. 2012) (conditions like filthy cell may be tolerable for few days but intolerably cruel for weeks or months); East v. Lemons, 768 F.2d 1000, 1001 (8th Cir. 1985) (Eighth Amendment applies to the states as incorporated by Fourteenth Amendment).

Third, we conclude that Blackmon sufficiently alleged an access-to-the-courts claim against Falkenrath, based on his allegations that she refused to allow him access to the law library and that her refusal hindered him in "preparing a petition for legal redress in the court." See Lewis v. Casey, 518 U.S. 343, 351 (1996) (access-to-courts claim requires that complained-of action hindered inmate's efforts to pursue legal claim); cf. Beaulieu, 690 F.3d at 1046-47 (actual injury needed for such claim can be based on law library so inadequate as to render inmate unable to file complaint).

Finally, we conclude that Blackmon sufficiently alleged a failure-to-protect claim against Van Loo, Lawrence, and defendants Sandra Jimmerson and Alan Earls. He alleged that Himebrook tried to attack him and had a reputation for violence against inmates; and that these defendants learned of this threat to his safety by reading his grievances about it, but did nothing. See Nelson, 603 F.3d at 446 & n.3 (Fourteenth Amendment failure-to-protect claims are analyzed under Eighth Amendment claim framework, which requires (1) objective showing that deprivation of rights was sufficiently serious, i.e., failure to protect resulted in conditions that

posed substantial risk of serious harm, and (2) subjective showing that defendants had sufficiently culpable state of mind, i.e., they actually knew of risk and did not respond to it); see also Farmer v. Brennan, 511 U.S. 825, 845-47 (1994) (prisoner may have viable failure-to-protect claim without sustaining serious harm, and does not need to "await a tragic event [such as an] actual assault before obtaining relief" (alteration in original) (quoting Helling v. McKinney, 509 U.S. 25, 33-34 (1993))); Norman v. Schuetzle, 585 F.3d 1097, 1104 n.1 (8th Cir. 2009) (accepting allegation that warden was aware of fact supporting inmate's failure-to-protect claim through reading grievance about it); Rollie v. Kemna, 124 Fed. Appx. 471, 474 (8th Cir. 2005) (unpublished per curiam) (inmate stated failure-to-protect claim where he alleged officials knew of substantial risk to his safety but did nothing to alleviate it), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009).

We therefore reverse in part and remand for further proceedings on Blackmon's retaliation claims against Van Loo, Himebrook, Luebbert, and Falkenrath; his conditions-of-confinement claims against Lawrence and Falkenrath; his law-library claim against Falkenrath; and his failure-to-protect claims against Jimmerson, Van Loo, Lawrence, and Earls. The judgment is otherwise affirmed.

_____