# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1121

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Alan Soboroff

*Defendant - Appellant*

_____

No. 13-1265

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Alan Soboroff

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 4, 2013
Filed: October 11, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, federal prisoner Jeffery Soboroff challenges the district court's[1] denial of his motion for "religious accommodation," the court's revocation of his supervised release, and the twelve-month prison term imposed upon the revocation of his supervised release.

We conclude that Soboroff's claim for "religious accommodation" related to his dietary needs at the Muscatine County Jail became moot once he was transferred to another facility. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's claims for injunctive and declaratory relief to improve prison conditions are moot when he is transferred to another facility and is no longer subject to those conditions); see also Spencer v. Kemna, 523 U.S. 1, 14-16 (1998) (speculative collateral consequences cannot overcome mootness); Randolph v. Rodgers, 170 F.3d 850, 856 n.7 (8th Cir. 1999) (exception for claims that are capable of repetition yet evading review is extraordinary and narrow, and applies when both duration of challenged action is too short to be fully litigated before cessation and there is reasonable expectation complaining party will be subject to same action again).

We further conclude that the district court did not clearly err in finding that Soboroff had violated the conditions of his supervised release, and did not abuse its discretion in imposing a twelve-month revocation sentence. See United States v. Sistrunk, 612 F.3d 988, 991 (8th Cir. 2010) (district court's fact finding as to whether violation occurred is reviewed for clear error; reversal is warranted only if appeals court has definite and firm conviction that district court was mistaken); United States

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (revocation sentence is reviewed for substantive reasonableness under deferential abuse-of-discretion standard).

Accordingly, in both appeals, we affirm.

_____