# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3698
_____

Richard Remington; Teresa Remington

*Plaintiffs - Appellants*

v.

Joby Hoopes, Howell County Deputy; Howell County Sheriff's Office; Mike
Shannon; John Doe, Unknown Name, Howell County Deputy

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: January 15, 2015
Filed: April 27, 2015
[Unpublished]
_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Richard and Teresa Remington appeal from the district court's[1] adverse grant of summary judgment on their 42 U.S.C. § 1983 claim. We affirm.

Sometime before 12:55 a.m. on April 3, 2010, Richard Remington called the Howell County Sheriff's Department to report a trespass at his business, Club Detox. Sergeant Joby Hoopes and Deputy Rick Fox responded around 1:00 a.m. When the deputies arrived, Teresa Remington, Richard's wife, told them that she had confronted the club's business manager, Eugene Horton. Teresa said that Horton was intoxicated, that he refused to leave the club, and that he had grabbed her arms and pushed her. Teresa told the deputies that she and her husband owned the club and that Horton had no claim to the business. Horton, in turn, asserted that he was the legal owner pursuant to a contract with the Remingtons. At some point, Horton began yelling at Teresa. In the ensuing commotion, the deputies prevented Teresa from entering the club to obtain business licenses and other corporate records showing her ownership. In addition, the deputies stood by as an employee kept Teresa away from Horton and the club's cash registers and threatened to arrest her and four witnesses if they did not leave. Teresa also alleges that the officers allowed Horton to take cash from the registers. Richard, who was on the phone with Teresa and Sergeant Hoopes during the ordeal, claims that he heard cracking and popping noises indicating that someone was destroying the club's speakers. Sergeant Hoopes denies these claims, contending that he observed no crime. Richard, however, alleges that he found club property damaged when he arrived hours later.

Based on these events, the Remingtons brought a § 1983 suit against Sergeant Hoopes, Deputy Fox,[2] the Howell County Sheriff's Office, and Sheriff Robbie Crites.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

[2]The complaint listed Deputy Rick Fox as "'John Doe,' unknown name, Howell County Deputy." At oral argument, the Remingtons' counsel explained that Deputy

-2-

The Remingtons alleged that the defendants violated their Fourth and Fourteenth Amendment rights when the deputies meaningfully interfered with the Remingtons' possession of the club, denied the Remingtons equal protection under the law, permitted Horton to destroy the club's speakers and take cash, and failed to provide the Remingtons with reports related to the incident. The district court dismissed the suit against the sheriff's office, finding that it was not a separate legal entity amenable to suit, and substituted then-Sheriff Mike Shannon for former-Sheriff Robbie Crites. The district court subsequently granted summary judgment for the defendants, concluding that they were entitled to qualified immunity on all claims.

We affirm the district court's grant of summary judgment; however, we do so on an alternative basis. It is well established that "[t]his court may affirm [a] summary judgment decision on any basis supported by the record." *Heacker v. Safeco Ins. Co. of Am.*, 676 F.3d 724, 727 (8th Cir. 2012). "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Myers v. Lutsen Mountains Corp.*, 587 F.3d 891, 893 (8th Cir. 2009).

The district court assumed the existence of an individual-capacity § 1983 claim when it granted summary judgment on the basis of qualified immunity. However, our review leads us to conclude that the Remingtons sued the defendants in only their official capacities, not as individuals. *See Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (affirming the district court's grant of summary judgment, in part, because the plaintiff did not raise an individual-capacity § 1983 claim); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535, 537 (8th Cir. 1999) (affirming on the same basis even though district court examined the claims as individual-capacity claims and granted summary judgment based on qualified immunity). Our case law

Rick Fox was the intended defendant.

-3-

requires more than an ambiguous pleading to state an individual-capacity § 1983 claim. *Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007). We require a "clear statement" or a "specific pleading" indicating that the plaintiffs are suing the defendants in their individual capacities. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("[S]pecific pleading of individual capacity is required . . . ."); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("[A] clear statement that officials are being sued in their personal capacities" is required.); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) ("[S]ection 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" (quoting *Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n.3 (8th Cir.1984)). Our circuit has adopted this "clear statement" requirement "[b]ecause section 1983 liability exposes public servants to civil liability and damages, . . . [and] only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants." *Johnson*, 172 F.3d at 535. Thus, when a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, our precedent requires us to presume that the plaintiff brings suit against the defendants in only their official capacities. *Johnson*, 172 F.3d at 535; *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

The Remingtons acknowledged at oral argument that the complaint contained no clear statement indicating an individual-capacity suit. Instead, the complaint's caption and content included only the name of each defendant and his official title. Under our case law, such "cryptic" allegations are not sufficient to state an individual-capacity claim. *Baker*, 501 F.3d at 924; *cf. Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995*)* (rejecting the plaintiff's argument that referring to defendants by name raised an individual-capacity claim). And based on the facts alleged in the complaint, we find nothing that otherwise would provide the defendants with sufficient notice of an individual-capacity suit. We therefore

construe the Remingtons' complaint as suing the defendants in their official capacities only, and we do not reach the issue of qualified immunity. *See Johnson*, 172 F.3d at 535.

The Remingtons' official-capacity claim fails. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) (quoting *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006) (internal quotation marks omitted)). The Remingtons have failed to allege facts—or produce evidence—showing that the defendants acted pursuant to a government policy or custom at the club on April 3 or later in response to the Remingtons' request for records related to the incident. And the Remingtons have failed to contend that the defendants possessed final authority to establish government policy with respect to these issues. Accordingly, "[w]e cannot infer the existence of an unconstitutional [government] policy, or custom conflicting with the official policy, from this single occurrence." *Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991). In the absence of anything establishing this essential element of the Remingtons' official-capacity claim, we conclude that summary judgment for the defendants is appropriate. *See Johnson*, 172 F.3d at 536-37 (affirming summary judgment on an official-capacity § 1983 claim when the plaintiffs failed to allege facts or produce evidence showing an official policy or custom).

For the above reasons, we affirm.

_____