# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2580

_____

Rico Benton

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction; William Straughn, Warden, Cummins Unit, Arkansas Department of Correction; K. Bolden, Deputy Warden, Cummins Unit, Arkansas Department of Correction; T. Gibson, Mailroom Supervisor, Cummins Unit, Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: October 30, 2019
Filed: November 13, 2019
[Unpublished]

_____

Before WOLLMAN, BENTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Rico Benton, an inmate confined in the Arkansas Department of Corrections (ADC) at the Cummins Unit, moves for leave to proceed in forma pauperis in this

appeal from the district court's dismissal of his 42 U.S.C. § 1983 action. Benton's complaint named, in their individual and official capacities, the director of the ADC, and employees of the Cummins Unit; and claimed violations of his constitutional rights. Specifically, he alleged he received from the prison mail room an unsigned notice stating that a letter addressed to him had been withheld pursuant to a three-page limit for incoming mail set forth in the prison's mail policy, and that he had to pay a fee or the letter would be destroyed. He further alleged that two defendants had refused to speak with him about the letter, but he acknowledged that he had exhausted the prison grievance procedures. Prior to service, the district court dismissed the complaint under 28 U.S.C. § 1915A, concluding that Benton had failed to state a claim for relief under the First Amendment or the Fourteenth Amendment.

Upon de novo review, we conclude that Benton's Fourteenth Amendment claims were properly dismissed for failure to state a claim. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (standard of review); Knight v. Lombardi, 952 F.2d 177, 179 (8th Cir. 1991) (decision to censor or withhold delivery of mail must be accompanied by minimum procedural safeguards; procedural due process claim was properly dismissed where prisoner had actual notice that letters were being withheld and prisoner did not claim he was denied opportunity to file grievance); see also Buckley v. Barlow, 997, F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison's grievance procedures confer no substantive rights; they are procedural rights only, which do not give rise to protected liberty interest under the Fourteenth Amendment).

We also conclude that Benton's First Amendment claims against defendants in their individual capacities were properly dismissed because Benton failed to plead facts indicating that defendants were personally involved in the handling of his letter. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (§ 1983 liability requires personal involvement, or direct responsibility for, actions resulting in violation); see also Beaulieu v. Ludeman, 690 F.3d 1017, 1030-31 (8th Cir. 2012) (supervisors

cannot be held vicariously liable under § 1983 for actions of subordinate; general allegations that defendant supervises facility without specification of defendant's individual actions, are not sufficient to state claim).

We further conclude however, that Benton's First Amendment claims against defendants in their official capacities sufficiently alleged that his First Amendment right to receive mail was violated by the enforcement of the three-page limit for incoming mail set forth in the prison's mail policy. See Wedemeier v. City of Ballwin, 931 F.2d 24, 26 (8th Cir. 1991) (for public entity to be liable under § 1983, plaintiff must provide policies or customs caused violation of constitutional rights); Johnson v. Outboard Marine Corp., 172 F.3d 531, 535-36 (8th Cir. 1999) (§ 1983 suit against government officials or employees is merely suit against public employer); Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998) (en banc) (inmates have First Amendment right to receive mail, limited by regulations that are reasonably related to legitimate penological interests); see also Kaden v. Slykhuis, 651 F.3d 966, 968-69 (8th Cir. 2011) (per curiam) (prisoner's allegation that mail was withheld constituted injury and was sufficient to state claim for violation of First Amendment right to receive mail).

Accordingly, we grant Benton's motion for leave to appeal in forma pauperis, we reverse the dismissal of his First Amendment claims against defendants in their official-capacities, we affirm the judgment in all other respects, and we remand the case to the district court for further proceedings.

_____