# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1105
_____

Lywayne Marquis Scott

*Plaintiff - Appellant*

v.

Scott Lewis, Sheriff, St. Charles County; Unknown Myers, Captain, St. Charles
County Division of Corrections; Sgt. Unknown Baker, Sgt., St. Charles County
Division of Corrections; RN Jessica Richards, Nurse, St. Charles County Division
of Corrections

*Defendant*s

County of St. Charles, Missouri

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 20, 2020
Filed: October 23, 2020
[Unpublished]

_____

Before BENTON, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lywayne Scott appeals two district court orders disposing of his pro se action raising claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Upon careful review, we conclude that the district court correctly disposed of Scott's RLUIPA claims, see Haight v. Thompson, 763 F.3d 554, 570 (6th Cir. 2014) (every circuit to consider question has held that RLUIPA does not allow money damages against state prison officials, even where suit is against officials in their individual capacities); Zajrael v. Harmon, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (inmate's RLUIPA claim for injunctive relief was mooted by transfer to another facility where he was no longer subject to the challenged policy); and correctly construed Scott's First Amendment claims as being against St. Charles County, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (naming officials in their official capacities is equivalent of naming the entity that employs them); Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998) (if complaint does not specifically name public officials in individual capacity, it is presumed they are sued only in their official capacities).

We conclude, however, that the district court erred in dismissing Scott's First Amendment claim for damages against St. Charles County, as Scott adequately alleged the existence of an unconstitutional policy denying religious accommodations. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (§ 1983 liability for municipality only exists where constitutional violation resulted from official policy or unofficial custom); Murphy v. Missouri Dep't of Corr., 372 F.3d 979, 983 (8th Cir. 2004) (in analyzing free exercise claim, court considers first the threshold issue of whether the challenged governmental action infringes on a sincerely held belief, then determines if the regulation restricting the religious practice is reasonably related to legitimate penological objectives).

We therefore reverse the dismissal of Scott's First Amendment claim for damages against St. Charles County, affirm as to the remaining claims, and remand for further proceedings.

_____